UNITED STATES of America, Appellee,

v.

Edward P. GULLION, Jr., Appellant.

No. 77–1190.

United States Court of Appeals,
First Circuit.

Argued Nov. 10, 1977.

Decided May 9, 1978.

Edward F. Haber, Boston, Mass., by appointment of the court for appellant.

George J. Mitchell, U. S. Atty., Portland, Me., with whom Elizabeth M. Edson, Asst. U. S. Atty., Portland, Me., was on brief, for appellee.

Before COFFIN, Chief Judge, BOWNES, Circuit Judge, and GORDON,* District Judge.

MYRON L. GORDON, District Judge.

The appellant challenges his conviction on the third count of an indictment which charged him with interstate transportation of explosives on July 3, 1976, with the intent to have such explosives used to intimidate individuals and damage property, in violation of 18 U.S.C. §§ 844(d) and 2. The jury was unable to reach a verdict on counts 1 and 2, and a mistrial as to those counts was declared by the district court.

Related counts were charged against Everett Carlson and Richard Picariello. Mr. Carlson was tried in September, 1976, and convicted on one count. Mr. Picariello was also convicted on one count after a trial which took place between January 18, 1977,

* Of the Eastern District of Wisconsin, sitting by designation.

and February 3, 1977. The trial of Mr. Gullion began on February 28, 1977, and lasted until March 17, 1977.

All of Mr. Gullion's contentions on this appeal stem from his belief that there was prejudicial pretrial publicity which resulted in deprivations of due process of law and of a fair trial. First, Mr. Gullion urges that the trial court erred in denying various pretrial motions and in having failed to hold an evidentiary hearing in regard to such motions. Second, the appellant urges that his challenges to prospective jurors for cause should not have been denied by the trial court. Third, Mr. Gullion urges that the voir dire as conducted by the trial judge deprived him of his rights to due process under the Fifth Amendment and to a trial by a fair and impartial jury under the Sixth Amendment.

## I. THE APPELLANT'S PRETRIAL MOTIONS

The trial court considered and denied a number of motions brought by Mr. Gullion before trial. On this appeal, Mr. Gullion claims that the rejection of such motions constituted a denial of his rights under the Fifth and Sixth Amendments, but we find no support for such contention.

■ The appellant urges that he was entitled to an evidentiary hearing on his motions. He proposed to call an expert witness at such hearing who would testify as to the results of a poll taken at the appellant's instance. The district court was not obligated to hold an evidentiary hearing in advance of the voir dire examination. If the latter examination satisfied the trial judge that the effects of the pretrial publicity were not prejudicial, there would be no necessity for his holding an evidentiary hearing. Accordingly, the pretrial motions brought by Mr. Gullion in advance of the voir dire examination did not automatically warrant the holding of an evidentiary hearing. Cf. *Murphy v. Florida*, 421 U.S. 794, 95 S.Ct. 2031, 44 L.Ed.2d 589 (1975).

■ The rule of *Pamplin v. Mason*, 364 F.2d 1 (5th Cir. 1966), does not require a hearing in this situation. No presumption of prejudice arose here because the publicity had been scattered and was already several months old, *see Patriarca v. United States*, 402 F.2d 314, 316 (1st Cir. 1968), *cert. denied*, 393 U.S. 1022, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969), because the court had already found that it could impanel impartial juries for appellant's co-defendants, and because the poll by which appellant sought to show community prejudice was itself inconclusive at best. There was certainly no showing of probable community hostility comparable to that in *Pamplin* where a civil rights leader was tried in a small southern town in 1966.

■ Mr. Gullion moved for a change of venue, which can be granted under Rule 21(a), Federal Rules of Criminal Procedure, if the court determines that there exists in the district "so great a prejudice against the defendant that he cannot obtain a fair and impartial trial" in that district. Such motion is addressed to the sound discretion of the trial court and will not be reversed in the absence of an abuse of discretion. *United States v. Muncy*, 526 F.2d 1261, 1263 (5th Cir. 1976); *United States v. Brown*, 540 F.2d 364, 377 (8th Cir. 1976). We find that the trial judge did not abuse his discretion in denying the motion for a change of venue until he could consider the effect of any pretrial publicity at the time of conducting the voir dire of prospective jurors.

■ A motion for a continuance was also denied by the trial court, and we believe that such denial was well within his discretion. In deciding whether to grant a continuance, a trial court may properly consider the amount of publicity occurring around the date of the trial as compared with the amount of publicity which occurred previous thereto. *Patriarca v. United States*, 402 F.2d 314 (1st Cir. 1968), *cert. denied*, 393 U.S. 1022, 89 S.Ct. 633, 21 L.Ed.2d 567 (1969). The record in the case at bar demonstrates that there was relatively little publicity in January, February and March, 1977, in comparison with the greater amount of publicity which occurred in the months of July through December,

1976. Mr. Gullion's trial, as we have noted, took place at the end of February and the first half of March, 1977.

■ A pretrial motion was filed by Mr. Gullion seeking extra peremptory challenges in addition to the ten regularly authorized by Rule 24(b), Federal Rules of Criminal Procedure. He urged that extra peremptory challenges were necessary to combat the prejudicial pretrial publicity affecting him. While Rule 24(b) permits extra peremptory challenges at the discretion of the court if "there is more than one defendant," *United States v. Cortwright*, 528 F.2d 168, 175 (7th Cir. 1975), there is no authority in that rule for according extra challenges to a single defendant. The appellant has cited no persuasive authority in support of his contention, and we conclude that the trial court committed no error in refusing to grant Mr. Gullion additional challenges.

■ Appellant also assigns error to certain comments of the judge and his related denial of a motion for change of venue and for refusing to recuse himself. *See* 28 U.S.C. § 144. He suggests that the trial judge evinced a personal bias or prejudice against him as a result of the judge's having presided at the trial of Mr. Gullion's co-defendants. To be disqualifying, alleged bias or prejudice must derive from an extrajudicial source. *United States v. Grinnell*, 384 U.S. 563, 583, 86 S.Ct. 1698, 16 L.Ed.2d 778 (1966). We agree that the trial judge here properly refused to recuse himself since there was nothing from which to conclude that any possible impressions the judge may have had concerning defendant or the crime with which he was charged resulted from an impermissible personal bias rather than from the judge's participation in judicial proceedings. *See Wolfson v. Palmiere*, 396 F.2d 121, 124–125 (2d Cir. 1968).

## II. CHALLENGES OF PROSPECTIVE JURORS FOR CAUSE

Mr. Gullion contends that many prospective jurors should have been excused by the court upon the defendant's challenge for cause as to their qualifications. While some of the defendant's challenges were based on the juror's alleged exposure to prejudicial pretrial publicity, other bases for the challenges were also asserted. Twenty-six challenges for cause were made by the defendant, and fourteen of them related to prejudicial pretrial publicity.

■ The defendant undertakes a heavy burden in attempting to persuade an appellate court that there was error in a denial of a challenge for cause. As the Court of Appeals for the Second Circuit stated in *United States v. Ploof*, 464 F.2d 116, 118, n. 4 (2d Cir. 1972):

> "There are few aspects of a jury trial where we would be less inclined to disturb a trial judge's exercise of discretion, absent clear abuse, than in ruling on challenges for cause in the empanelling of a jury."

The breadth of the trial court's discretion is also reflected in *United States v. Brown*, 540 F.2d 364, 379 (8th Cir. 1976), and *United States v. Tramunti*, 513 F.2d 1087, 1114 (2d Cir. 1975).

■ We have examined the transcript of the voir dire examination and remain unpersuaded that the defendant has met the burden imposed upon him in this regard. We are unable to detect the presence of any actual bias or falsity in the responses made by the jurors to questions put to them touching on their qualifications. The fact that the jury was unable to reach a verdict in Mr. Gullion's case as to counts 1 and 2 also belies his suggestion of bias.

The case at bar is not reminiscent of the circumstances that existed in *Irvin v. Dowd*, 366 U.S. 717, 81 S.Ct. 1639, 6 L.Ed.2d 751 (1961), where eight jurors were seated, even though they had expressed an opinion that they thought the defendant was guilty. See also *Silverthorne v. United States*, 400 F.2d 627 (9th Cir. 1968), *appeal after remand*, 430 F.2d 675 (1970), *cert. denied* 400 U.S. 1022, 91 S.Ct. 585, 27 L.Ed.2d 633 (1971). Our reading of the transcript in the case at bar refutes the appellant's sugges-

tion that biased persons were permitted to be seated on the jury. It was not necessary for the trial judge to excuse for cause a venireman simply because he was familiar with the name of the defendant. *Murphy v. Florida, supra,* 421 U.S. at 800, 95 S.Ct. 2031. Thus, we are persuaded that the trial court did not abuse its discretion in denying Mr. Gullion's applications to reject certain jurors for cause.

### III. VOIR DIRE EXAMINATION

The principal thrust of Mr. Gullion's appeal is that he was denied rights guaranteed to him under the Fifth and Sixth Amendments by having his guilt or innocence determined by a jury which, in his opinion, was subjected to prejudicial pretrial publicity. Indeed, it is this alleged deficiency which is at the core of all of the other arguments heretofore considered.

Mr. Gullion urges that his opportunity for a fair trial in the district court for the district of Maine was poisoned by the media coverage of the explosions which occurred in early July, 1976, and by the apprehension of and proceedings concerning Mr. Carlson, Mr. Picariello, and one Joseph A. Aceto. The nature of the crime and the publicity attendant to it created a problem which the trial court had to consider in attempting to assure Mr. Gullion a fair trial. Cases such as *Irvin v. Dowd, supra, Sheppard v. Maxwell,* 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), and *Riddeau v. Louisiana,* 373 U.S. 723, 83 S.Ct. 1417, 10 L.Ed.2d 663 (1963), demonstrate that a "carnival atmosphere" stemming from massive pretrial publicity can pollute a defendant's opportunity for a fair trial.

While there was indeed some pretrial publicity in the case at bar, we are unable to agree with the appellant that the "trial atmosphere" in this case was "utterly corrupted" by pretrial publicity. In *Murphy v. Florida, supra,* 421 U.S. at 799, 95 S.Ct. at 2036, the Court observed that the earlier cases do not "stand for the proposition that juror exposure to information about a state defendant's prior convictions or to news accounts of the crime with which he is charged alone presumptively deprives [him] of due process." We recognize, of course, that *Murphy* established constitutional standards to apply to state cases and suggested that, by exercising supervisory power over the federal courts, different standards might be applied in federal cases. *Murphy v. Florida, supra,* 421 U.S. at 798, 95 S.Ct. 2031. This case is distinguishable from the federal case that was held not to apply to the state courts in *Murphy, Marshall v. United States,* 360 U.S. 310, 79 S.Ct. 1171, 3 L.Ed.2d 1250 (1959), because appellant made no allegations that specific excludable information had reached the prospective jurors.

We are persuaded that the publicity which occurred in the case at bar was of an entirely different degree from that reflected in *Irvin, Riddeau,* and *Sheppard.* Pursuant to *Murphy,* we have considered the "totality of the circumstances" and are convinced that Mr. Gullion was not denied a fair trial before an impartial jury.

Neither the tenor nor the volume of publicity prior to appellant's trial rose to the level where a fair trial was impossible. The publicity which had surrounded the bombing in 1976 had largely dissipated by the time of trial. There was a bare minimum of front page coverage and what coverage there was tended to be factual and not the type of personally invidious attacks found in *Sheppard, Riddeau,* and *Irvin. See United States v. Chapin,* 169 U.S.App.D.C. 303, 515 F.2d 1274, 1288–89, *cert. denied,* 423 U.S. 1015, 96 S.Ct. 449, 46 L.Ed.2d 387 (1975).

Additionally, the district court's careful and intensive voir dire on the issue of prejudicial pretrial publicity more than adequately insured that the empaneled jurors did not harbor actual bias toward appellant. *Murphy v. Florida, supra,* 421 U.S. at 800–801, 95 S.Ct. 2031. The voir dire lasted five days. The district judge scrupulously probed for bias resulting from pretrial publicity. The scope and manner of voir dire examination is entrusted to the sound discretion of the trial court. *Ristaino v. Ross,*

424 U.S. 589, 594, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976); *United States v. Desmarais*, 531 F.2d 632, 633 (1st Cir. 1976); *United States v. Brooks*, 567 F.2d 134, 138 (D.C.Cir.1977). We find no abuse of discretion here.

The defendant's right to a fair trial under the Sixth Amendment and to due process under the Fifth Amendment was fully protected by the manner in which this trial was conducted. Accordingly, the judgment of conviction is

AFFIRMED.