**UNITED STATES of America,**

**v.**

**Osvaldo RODRIGUEZ–CARDONA, Defendant.**

**Crim. No. 88–469 HL.**

United States District Court, D. Puerto Rico.

Feb. 2, 1989.

Salixto Medina Malavé, Asst. U.S. Atty., for U.S.

Gregorio Lima, Bayamón, P.R., Nelson Escalona Colón, Ponce, P.R., Peter John Porrata, Old San Juan, P.R., Guillermo J. Godreau, Salinas, P.R., for defendant.

## ORDER

LAFFITTE, District Judge.

Defendant moves, in a laconic motion, to transfer this case to the District of New York or to Hartford, Connecticut, on the grounds of adverse pretrial publicity.[1] Defendant asserts "that to sustain this adverse publicity we are counting on more than ten (10) full first pages in newspapers; more than one hundred (100) first rate news items; more than ten (10) T.V. clippings, some of them that we can produce immediately and some that we will need to file subpoenas to be presented in evidence." Defendant requests an evidentiary hearing or, in the alternative, a 120 day continuance of the trial. The Government opposes.

■ We deny defendant's motion. First, defendant has not made a showing that the pretrial publicity has been so pervasive, intense and inflammatory as to deprive defendant of a fair trial by an impartial jury. An impartial juror is not necessarily one who has never had knowledge about the case. "[T]he relevant question is not whether the community remembered the case, but whether the jurors ... had such fixed opinions that they could not judge impartially the defendant." *Patton v. Yount,* 467 U.S. 1025, 104 S.Ct. 2885, 2891, 81 L.Ed.2d 847 (1984). The general principles are well known.

It is not required, however, that the jurors be totally ignorant of the facts and issues involved. In these days of swift, widespread and diverse methods of communication, an important case can be expected to arouse the interest of the public in the vicinity, and scarcely any of those best qualified to serve as jurors will not have formed some impression or opinion as to the merits of the case. This is particularly true in criminal cases. To hold that the mere existence of any preconceived notion as to the guilt or innocence of an accused, without more, is sufficient to rebut the presumption of a prospective juror's impartiality would be to establish an impossible standard. It is sufficient if the juror can lay aside his impression or opinion and render a verdict based on the evidence presented in court. *Spies v. Illinois,* 123 U.S. 131 [8 S.Ct. 21, 31 L.Ed. 80 (1887) ]; *Holt v. United States,* 218 U.S. 245 [31 S.Ct. 2, 54 L.Ed. 1021 (1910) ]; *Reynolds v. United States, supra* [98 U.S. 145, 25 L.Ed. 244 (1878) ].

*Irvin v. Dowd,* 366 U.S. 717, 722–23, 81 S.Ct. 1639, 1642–43, 6 L.Ed.2d 751 (1961).

1. No reason is advanced as to why New York City or Hartford, Connecticut—neither of which belong to the First Circuit—is the preferred district.

Consequently, a mere showing of publicity thought to be adverse is not sufficient to require change of venue except in most extraordinary cases, and then only when it appears with fair certainty that it is unlikely that a fair trial can be had in this District. The publicity in this case pales when compared with the intense publicity received in other widely publicized cases in this District. *See U.S. v. Moreno–Morales,* 815 F.2d 725 (1st Cir.1987); *U.S. v. Maldonado–Medina,* 761 F.2d 12 (1st Cir.1985).

It is axiomatic that the existence of prejudice can better be determined by careful voir dire examination of potential jurors than by speculation about the effect of publicity. Likewise, the Court has other mechanisms—jury sequestration, cautionary instructions—to guarantee the defendant a fair and impartial trial to which he is constitutionally entitled.

One final matter must be addressed. Defendant requests an evidentiary hearing prior to voir dire on the matter of pretrial publicity. We reply by borrowing Judge Bownes' words in *Maldonado–Medina, supra,* at 19:

> Because there was no presumption of prejudice, the district court was not obliged to hold an evidentiary hearing on pretrial publicity prior to voir dire. *U.S. v. Gullion,* 575 F.2d 26, 28 (1st Cir.1978).

WHEREFORE, defendant's motion to transfer venue, for an evidentiary hearing on pretrial publicity, and for a trial date continuance is hereby DENIED.

IT IS SO ORDERED.