83 F.3d 424
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alan Lehman MATHENEY, Plaintiff-Appellant,
v.
Hansel FOLEY, St. Joseph County Police, Michael Barnes, John
D. Krisor, and James E. Aiken, Defendants-Appellees.
 No. 93-3719.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 29, 1996.*
Decided April 17, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Alan Matheney murdered his ex-wife immediately after being released on furlough from an Indiana state prison.[1] During his stay in the St. Joseph County, Indiana, jail awaiting trial, Matheney, acting pro se, filed suit under 42 U.S.C. § 1983. He named as defendants Dr. Hansel Foley a South Bend physician, the St. Joseph County Police Department, James Aiken, commissioner of the Indiana Department of Corrections, and Indiana Prosecuting Attorney Michael Barnes and Deputy Prosecuting Attorney James Krisor. In seeking monetary damages Matheney alleged violation of his rights under the Sixth, Eighth, and Fourteenth Amendments. Matheney claimed that he was denied access to a law library; received inadequate medical treatment; and was wrongly placed in solitary confinement with no daily exercise. He also alleged that prosecutors sabotaged his right to a fair trial by releasing information about his murder case to the press.
 
 
 2
 The district court, on Eleventh Amendment grounds, dismissed the claims against the Indiana state prosecutors and commissioner of the Department of Corrections sued in their official capacity; dismissed the personal capacity claims against the Superintendent of the Indiana Department of Corrections for failure to state a claim; found the prosecutors were entitled to absolute immunity; and dismissed the claim against them in their personal capacity; and granted summary judgment to the treating physician with regard to the allegation of inadequate medical treatment.
 
 
 3
 Matheney failed to develop any argument in his brief to this court regarding any claims other than the one dealing with prosecutorial immunity. Accordingly, we deem all other claims abandoned on appeal. Fed.R.App.P. 28(a)(6); United States v. Shorter, 54 F.3d 1248, 1256 n. 19 (7th Cir.1995); John v. Barron, 897 F.2d 1387, 1393 (7th Cir.), cert. denied, 498 U.S. 821 (1990). Our examination will therefore deal only with whether the district court wrongly dismissed Matheney's personal capacity claims against the Indiana state prosecutors for allegations relating to pretrial publicity.
 
 
 4
 The basis of the district court's dismissal of the personal capacity claims against the prosecutors in 1989 was absolute prosecutorial immunity. We now know, however, that four years later, in 1993, the Supreme Court held that prosecutors are not absolutely immune from suit for statements made to the media, because "[c]omments to the media have no functional tie to the judicial process just because they are made by a prosecutor." Buckley v. Fitzsimmons, 113 S.Ct. 2606, 2618 (1993).
 
 
 5
 That is as far as Matheney gets. In constitutional torts, as with their common law counterparts, a plaintiff must suffer harm before he can state a claim. See Nesses v. Shepherd, 68 F.3d 1003, 1005 (7th Cir.1995). Actual harm from pretrial publicity manifests itself at trial, with the selection of the jury.[2] See Irwin v. Dowd, 366 U.S. 717, 723 (1961); Dobbert v. Florida, 432 U.S. 282, 303 (1977); Willard v. Pearson, 823 F.2d 1141, 1146 (7th Cir.1987). Cf. Buckley v. Fitzsimmons, 20 F.3d 789, 797 (7th Cir.1994) (on remand), cert. denied, 115 S.Ct. 740 (1995).
 
 
 6
 The rationale underlying this rule is that the mere existence of pretrial publicity--even extensive negative publicity--does not render a trial constitutionally unfair. Murphy v. Florida, 421 U.S. 794, 799 (1975). Consequently, the Supreme Court teaches, the adverse effect of such publicity must be assessed on a case-by-case basis. See Marshall v. United States, 360 U.S. 310, 312 (1959).[3] The publicity, for example, may dissipate before the trial takes place. United States v. Gullion, 575 F.2d 26, 30 (1st Cir.1978). The court may negate the damaging impact of pretrial publicity through the process of voir dire, see Powers v. McGuigan, 769 F.2d 72, 76 (2d Cir.1985), a continuance, United States v. De La Vega, 913 F.2d 861, 864 (11th Cir.1990), or a change in venue. Rideau v. Louisiana, 373 U.S. 723, 726 (1963); Simmons v. Lockhart, 814 F.2d 504, 509-10 (8th Cir.1987). In the case before us, injury resulting from the prosecutors' allegedly wrongful actions was not manifest at the time Matheney filed suit.
 
 
 7
 Consequently, we affirm the dismissal of the § 1983 claims against Michael Barnes and John D. Krisor brought in their personal capacity as premature rather than on the basis of absolute prosecutorial immunity. All other claims by Matheney against the defendants are abandoned. Accordingly, the disposition of this case by the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 Matheney was convicted of murder and sentenced to death and his conviction was affirmed on appeal. Matheney v. State, 583 N.E.2d 1202 (Ind.), cert. denied, 112 S.Ct. 2320 (1992)
 
 
 [2]
 Had Matheney sought injunctive relief the case might be different, although the Younger abstention doctrine and First Amendment concerns make such injunctions difficult to obtain. Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 573 (1980). Matheney, however, sought only money damages
 
 
 [3]
 Most cases assessing damage caused by pretrial publicity do not involve suits under § 1983, but petitions for writs of habeas corpus under 28 U.S.C. § 2254. The analysis of the underlying constitutional injury, however, is the same