**UNITED STATES of America,**
**Appellee,**

v.

**Don C. SILVERTHORNE, Appellant.**

**No. 25009.**

United States Court of Appeals,
Ninth Circuit.

Aug. 28, 1970.

Rehearing Denied Sept. 21, 1970.

George C. Martinez (argued), San Francisco, Cal., for appellant.

Jerome M. Feit (argued), Criminal Division, Dept. of Justice, Washington, D. C., James L. Browning, U. S. Atty., Jerrold Ladar, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before BARNES, HAMLEY and JERTBERG, Circuit Judges.

BARNES, Circuit Judge:

Appellant appeals from a second trial and conviction of various alleged violations of federal statutes proscribing the wilful misapplication of bank funds, the wilful making of false entries in bank records, and conspiracy to misapply bank funds, 18 U.S.C. §§ 371, 656 and 1005. In the first *Silverthorne* appeal (400 F.2d 627 (9th Cir. 1968)), we reversed generally similar convictions against the appellant for the purpose of dispelling "the probability of prejudice accruing from the pretrial publicity and the jury panel members' knowledge of the case." *Id.* at 638.

We remanded with directions for a new trial. This was completed in July of 1969. During the trial, the Court ordered one count dismissed and the defendant was acquitted by the jury on two more counts, and convicted of eight counts. Appellant contends that this second trial was infected with numerous prejudicial errors. For reasons we set forth in more detail, *post*, we disagree, and we affirm the jury convictions on all counts. As in the first *Silverthorne* case, our jurisdiction rests upon 28 U. S.C. § 1291.

## A. *Factual Background*

The facts of the case are set forth briefly in the previous opinion and in detail in the briefs of both parties (Gov't Br. pp. 2–14; Appt's Br. pp. 4–14), and in the eighteen volumes of transcript compiled during the trial. In short, appellant was charged with having engaged in numerous loan transactions in 1963 and 1964 as President of the now defunct San Francisco National Bank in which he allegedly diverted, directly and indirectly, portions of loan charges that rightfully belonged to the bank.

The typical transaction was alleged by the government to have occurred as follows: A prospective loan applicant would approach the appellant or would be referred to appellant by a business acquaintance. The loan applicant, who was usually engaged in the construction business and in great need of money, would agree to borrow the money at a certain rate of interest for a specified period of time in addition to committing himself to the payment of a flat percentage "fee." The fee, often in the neighborhood of 13% of the sum of the loan, excluding the interest obligation, was alleged by the government to have been misapplied on numerous occasions by the appellant to his own use. This was done by depositing part of the loan fee into the general account of the bank and part into the appellant's personal account.

The government introduced both testimonial and documentary evidence to establish its case against the appellant for the misapplication, conspiracy and false entry counts. After the presentation of the government's case in chief, one misapplication count was dismissed, and the jury acquitted the appellant on two other misapplication counts, one false entry count and the conspiracy charge.[1]

## B. *Issues on Appeal*

Appellant's brief, in substance, alleges that: 1) it was a violation of due process and cruel and unusual punishment to retry the applicant on the same indictments upon which the 1966 trial and the resultant appeal and reversal were based; 2) the jury was again prejudicially biased against the appellant; 3) the trial judge made two erroneous evidentiary rulings; 4) the evidence was insufficient to convict the defendant; 5) other miscellaneous assignments of error, primarily the denial of certain motions for continuance and dismissal, and the alleged prejudicial misconduct of the United States Attorney.

### 1. *Retrial of the Appellant Was Not a Denial of Due Process or Cruel and Unusual Punishment*

■■ Appellant claims that he was not " * * * in fact able to defend himself in his physical condition at the trial" (Appt's Br. p. 20) and that therefore "[i]t was a denial of due process of law, and contrary to the Sixth Amendment to require defendant's retrial under these particular circumstances." (*Id.*)

Our perusal of the record fails to support appellant's claims of physical inability to stand trial. For example, in response to defense counsel's statement toward the end of the defense presentation that appellant had not taken the stand because of his allegedly aggravated high blood pressure, the trial judge noted, with respect to appellant's physical appearance:

"Mr. Silverthorne has sat through these two and a half weeks calmly, without a show of anything whatsoever * * *" (R.T. 1750)

Moreover, it is an established principle of law in this and other circuits that a continuance of a criminal trial based upon physical disability is within the sound discretion of the trial judge. United States v. Bernstein, 417 F.2d 641, 643 (2nd Cir. 1969); Stein v. United States, 263 F.2d 579, 581–582 (9th Cir. 1959); United States v. Alker, 260 F.2d 135, 157 (3rd Cir. 1958). In light of appellant's flat refusal to undergo a

---

1. The alleged co-conspirator, one James Hill, was not indicted. (See C.T. 28–30)

medical examination that was requested by the court to verify his alleged physical disability, we hold that there was no abuse of discretion because his refusal raised the question of appellant's good faith.

Appellant has, with good reason, failed to find cases from this country to support his claim of lack of due process.

## 2. The Jury Was Properly Interrogated About Any Bias

 The *voir dire* of the persons who were ultimately selected for the jury shows that, unlike the previous *Silverthorne* case, *supra*, each member selected for the panel underwent a searching inquiry as to his knowledge of the proceedings against the appellant.[2] Moreover, as we noted in the previous *Silverthorne* opinion, mere minimal and generalized knowledge of the pendency of a criminal proceeding on the part of a prospective juror is not enough in itself to establish prejudice. See 400 F.2d at 638. See also Irvin v. Dowd, 366 U.S. 717, 722–723, 81 S.Ct. 1639, 6 L.Ed.2d 751. Cf. Beck v. Washington, 369 U.S. 541, 557, 82 S.Ct. 955, 8 L.Ed.2d 98. In summary, we agree with the government that " * * * the publicity was minimal, the questioning was complete and * * * an impartial jury was chosen." (Gov't Br. p. 20) Finally, as we stated in the first *Silverthorne* case:

> "Appellate courts will not interfere with the manner in which the trial court conducted the *voir dire* examination unless there has been a clear abuse of discretion." 400 F.2d at 638.

## 3. The Credit Report and the Summaries of Documents Were Properly Admitted Into Evidence

██ ██ Appellant contends that a certain credit report that bore appellant's handwritten initials was improperly admitted into evidence because government witness Priola could not testify unequivocally that appellant knew of the information contained in the report. With regard to the admissibility of documents such as the credit report this Court has said:

> "The question of whether the authenticity of a document has been sufficiently proved prima facie to justify its admission into evidence rests in the sound discretion of the trial judge." Arena v. United States, 226 F.2d 227, 235 (9th Cir. 1955).

The trial judge did not abuse his discretion on these facts. It was for the jury to determine from the weight of the evidence whether appellant knew of the contents of the document he had initialed.

A similar objection is made to the correctness of the admission of certain summaries of bank documents prepared by an employee of the Federal Deposit Insurance Corporation. The documents themselves were admitted into evidence and identified. Therefore, we agree with the government that admission of the summaries was proper, being based solely upon competent evidence already before the jury.

## 4. The Convictions Rested Upon Substantial Evidence

Viewing the evidence in the light most favorable to the government, as we must, Baker v. United States, 393 F.2d 604, 609 (9th Cir. 1968) we hold that the testimony of the government witnesses along with the documentary evidence was clearly sufficient to establish the elements of the statutory offenses upon which the convictions rested. In fact,

2. Over thirty jurors were excused for cause because they had discussed the case with others or had formed some opinion on the facts known. *But see* the *voir dire* of those jurors and alternates that were selected and served on the panel. (Citations are to Volume Nine of the Reporter's Transcript.) Mrs. Vanoni (R.T. 91–94) ; Mrs. Percivale (R.T. 116–122) ; Mr. Downum (R.T. 146–151) ; Mr. Seymour (R.T. 212–216) ; Mrs. Nelson (R.T. 216–220 ; Mr. Isaacson (R.T. 200–223) ; Mr. Wild (R.T. 229–238) ; Mrs. Carroll (R.T. 238–243) ; Mr. Williams (R.T. 243–249) ; Mrs. Repetto (R.T. 251–254) ; Mr. Thomas (R.T. 254–258) ; Mr. Bockman (R.T. 258–267) ; As to the two alternate jurors (Mrs. Iacona and Mr. Salkus) see R.T. 282–288, 290–293.

**679**

the evidence of appellant's guilt was overwhelming.

5. *Miscellaneous Assignments of Error*

 Finally, we find without merit the miscellaneous errors urged upon us by the appellant. Our perusal of the record indicates that the trial judge carefully instructed the jury in reaching their decision to consider only the documentary and testimonial evidence before the court as opposed to any alleged inconsistent factual statements in the closing arguments of counsel. (R.T. 2191). We can find no indication from the record that they did other than that; thus appellant's assertion of prejudice must be rejected. Tenorio v. United States, 390 F.2d 96, 98 (9th Cir. 1968).

Furthermore, the trial judge did not abuse the discretion vested in him to deny a continuance for the production of a defense witness. Evalt v. United States, 382 F.2d 424, 427 (9th Cir. 1967); cf. United States v. Arteaga-Suarez, 416 F.2d 17 (9th Cir. 1968). Nor was there a denial of due process resulting from cumulative errors.

Finding no error, the jury convictions are *affirmed*.