**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter Joel BLOSVERN, Defendant-Appellant.**

**No. 74–2385.**

United States Court of Appeals, Ninth Circuit.

March 28, 1975.

---

Robert Dorne, San Francisco, Cal., for defendant-appellant.

John Cooney, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

## OPINION

Before DUNIWAY, Circuit Judge, LANE,* Judge of the Court of Customs and Patent Appeals, and WRIGHT, Circuit Judge.

DUNIWAY, Circuit Judge:

Blosvern appeals from a judgment of conviction of violating 21 U.S.C. § 841(a)(1), distribution of 221.9 grams of cocaine. We affirm.

### 1. *Voir dire of jurors*

Rule 24, F.R.Crim.P., provides that, if the court conducts the examination of the jurors, it "shall itself submit to the prospective jurors such additional questions by the parties or their attorneys as it deems proper." Implementing Rule 24, Local Rule 19(a) of the District Court provides that "requested questions . . . for voir dire examination shall be in writing, filed . . . before commencement of the trial."

When the case was called for trial, Blosvern's counsel submitted a list of 18 proposed questions. Government counsel submitted a list of 11 proposed questions. After the jury box was filled, and after the judge had, by questions, ascertained the name, address, marital status and occupation of each juror, and the occupation of the spouse of each married juror, and before putting other questions, the court said:

> I make it a regular practice at the inception of every case . . . to indicate to counsel, as I do now, for both sides that if anything occurs of any character, whether it is a remark of the judge òr something done or said by opposing counsel, I want to make it very clear to counsel that the court expects they will immediately make appropriate objection. This is very important, because if the Court has made a mistake it gives the Court an opportunity promptly to correct it if the Court is convinced it has made a mistake, whereas if it has not been

---

* The Honorable Donald E. Lane, Judge, United States Court of Customs and Patent Appeals, sitting by designation.

promptly corrected, it may not be capable of correction. So I want to make it very clear to counsel again for both sides, if the Court—the Court instructs them to indicate promptly whenever they feel anything which has occurred ought to be objected to.

R.T. at 15–16.

The court then gave the jurors a brief statement of the nature of the case, and followed this by putting a number of questions to the jurors. These covered most of the ground covered in counsel's lists of questions. Before putting what it described as "the last question I am going to present now," the court remarked: "The attorneys have suggested some questions. I will look at them." Having done so, it put one of the questions suggested by Blosvern's counsel. After receiving some answers, it proceeded at once to the peremptory challenges.

Through all of this, Blosvern's counsel sat silent. He never asked the judge to put any of the questions on his list that the judge left out. Much less did he give the judge any reasons why they should be put, or why, if they were not put, there might be reversible error. Yet he now asks us to reverse because the court did not put five of his proposed questions to the jury. Four of them relate to whether the jury would be more likely to believe federal agents or informers than other persons. One asked, in substance, whether the jurors could accept the defense of entrapment.

■ We decline to consider the merits, if any, of counsel's claim of error. To do so would be contrary to the trial court's instructions to counsel to object. Rule 24 makes it clear that the court has discretion—"such additional questions . . . as [the court] deems proper"; so does local rule 19(a) referring, as it does, to "requested questions"; so say the cases, e. g., Silverthorne v. United States, 9 Cir. 1968, 400 F.2d 627, 638, appeal after remand, 1970, 430 F.2d 675, 678; Fredrick v. United States, 9 Cir. 1947, 163 F.2d 536, 550–51.

In preparing a list of proposed questions to jurors, counsel will often submit questions which are such that the court could well decide to use them, but which are also such that it cannot be an abuse of discretion to fail to use them. If there are particular questions that counsel deems essential, and such that refusal to put them may be reversible error, counsel must tell the court so, and state his reasons, before the examination of the jurors is completed. Otherwise, counsel's list may be a trap for an unwary judge, because counsel has not given him a fair chance to avoid error before it is too late.

2. *Entrapment*

■ Blosvern's defense was entrapment. The issue was given to the jury under proper instructions, and the jury rejected the defense. The evidence does not compel a finding of entrapment as a matter of law. *See* United States v. Russell, 1973, 411 U.S. 423, 93 S.Ct. 1637, 36 L.Ed.2d 366; United States v. Griffin, 9 Cir. 1970, 434 F.2d 978, 981. There was evidence from which the jury could conclude that Blosvern was predisposed to commit the offense.

3. *Cross-examination*

■ Blosvern claims that the court unduly restricted his cross-examination of the witness Schlegal regarding a homosexual advance by him to one Cook, an accomplice of Blosvern. Counsel claims that this was relevant to the entrapment defense. There is in the record evidence of what counsel wanted to show but he did not refer to it in his argument to the jury. He evidently did not consider the matter as important as he now says that it is. We find no reversible error.

Affirmed.