**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Eric H. JONES, Defendant-Appellant.**

**No. 83–5052.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 9, 1983.

Decided Dec. 21, 1983.

As Amended on Denial of Rehearing and
Rehearing En Banc Feb. 29, 1984.

Irene Ayala, Daniel G. Clement, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Veronica Sanchez-Villasenor, Student, Howard W. Gillingham, Los Angeles, Cal., for defendant-appellant.

Before BROWNING, Chief Judge, NORRIS, Circuit Judge, and SPENCER WILLIAMS, District Judge *.

PER CURIAM:

Jones appeals his conviction for postal robbery, 18 U.S.C. § 2114, contending that the district court abused its discretion by refusing to conduct specific voir dire questioning on the defense of coercion. We hold such questioning was not required, and therefore affirm.

Jones and co-defendant Lanny D. Sturgell were indicted for the robbery of the Aguangua, California, Post Office.

Defense counsel requested that the trial court ask prospective jurors during voir dire whether they were biased against the defense of coercion.[1] The court declined to do so.

Jones' primary defense at trial was coercion. He requested and received a jury instruction on that defense, the adequacy of which he does not challenge.

The trial court is given wide latitude to determine how best to conduct the voir dire. *Rosales-Lopez v. United States,* 451 U.S. 182, 189, 101 S.Ct. 1629, 1634, 68 L.Ed.2d 22 (1981) (plurality opinion). Failure to ask specific questions will be reversed only for abuse of this discretion. Abuse of discretion will be found, however, if the questioning is not reasonably sufficient to test the jury for bias or partiality. *United States v. Baldwin,* 607 F.2d 1295, 1297 (9th Cir.1979).

The trial court is vested with discretion, not only to see that the voir dire is effective in obtaining an impartial jury but also "to see that this result is obtained with reasonable expedition." "The Jury System in the Federal Courts," Report of the Judicial Conference Committee on the Operation of the Jury System, 26 F.R.D. 409, 465–66 (1960). For this reason, the trial court may refuse voir dire questioning which is tied to prejudice only speculatively.

In *United States v. Robinson,* 475 F.2d 376, 380–81 (D.C.Cir.1973), the court, stressing that the trial court's exercise of discretion is limited by the need to "assure a fair trial by an impartial jury," identified three instances in which there is a real possibility of prejudice and a consequent need for specific voir dire questioning: (1) When the case carries racial overtones (*Aldridge v. United States,* 283 U.S. 308, 311–15, 51 S.Ct. 470, 471–73, 75 L.Ed. 1054 (1931)); (2) when the case "involves other matters concerning

---

* Honorable Spencer Williams, United States District Judge, Northern District of California, sitting by designation.

1. The proffered inquiry was:
   A. There may be testimony regarding a defense of duress or coercion. Is there anyone

who is so opposed to such a defense that they could not be fair and impartial?
   B. Briefly a defense of duress or coercion is one in which a claim is made that a crime, if committed, was committed only after the defendant was forced to under specific conditions.

which either the local community or the population at large is commonly known to harbor strong feelings that may stop short of presumptive bias in law yet significantly skew deliberations in fact" (prejudice against the insanity defense, for example, *United States v. Allsup,* 566 F.2d 68, 70 (9th Cir.1977)); or (3) when the case involves other forms of bias and distorting influence which have become evident through experience with juries (the tendency of some jurors to overvalue the testimony of government agents acting in their official capacity, for example, *United States v. Baldwin,* 607 F.2d 1295, 1297 (9th Cir.1979)). As to other matters, however, the party requesting specific voir dire questioning bears the burden of showing a reasonable possibility of prejudice:

> When the matter sought to be explored on *voir dire* does not relate to one of those recognized classes, it is incumbent upon the proponent to lay a foundation for his question by showing that it is reasonably calculated to discover an actual and likely source of prejudice, rather than pursue a speculative will-o-the-wisp.

*United States v. Robinson,* 475 F.2d at 381.

■ In contrast to the insanity defense, the coercion defense is not one concerning which the public is "commonly known to harbor strong feelings." In this respect the defense of coercion is closer to that of self-defense, which the court in *Robinson* concluded did not fall within any of the three recognized classes raising a real possibility of bias. 475 F.2d at 381.

■ In the absence of any showing by Jones that prejudice against the defense of coercion was likely to be encountered in the community from which the prospective jurors were drawn, *id.,* the trial court did not abuse its discretion in refusing to ask specific questions on this subject.

AFFIRMED.