976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Lee BLEVINS, Defendant-Appellant.
 No. 91-10437.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 20, 1992.*
Decided Sept. 16, 1992.
 
 1
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and VON DER HEYDT,** Senior District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 * Defendant Robert Lee Blevins appeals his conviction for distribution of methamphetamine and for possession of methamphetamine with intent to distribute as charged under 21 U.S.C. § 841(a)(1). Blevins argues on appeal that the district court abused its discretion by not asking jury venire members specific questions testing their attitudes and prejudices regarding illegal drugs. Blevins also argues that the trial court erred in giving jury instructions, to which he did not object, which did not include his theory of defense. Because the court's questioning of the jury venire was reasonably sufficient to test for bias or partiality, the district court did not abuse its discretion in not asking the jury venire specific questions testing attitudes and prejudices about illegal drugs. Further, the district court did not err when it did not give an unrequested jury instruction regarding Blevins' theory of defense.
 
 II
 
 4
 Blevins maintains that he was entitled to voir dire which would have probed jury bias as to narcotics. The government submits that the inquiry was sufficient under the facts of the case and that the trial court did not abuse its discretion in failing to ask more probing questions regarding experiences with and attitudes towards drugs.
 
 
 5
 The district court advised the prospective jurors it was a drug case. The indictment was read in its entirety to the jury venire. The court then sought and obtained assurances from the entire panel regarding their ability to be fair and impartial. Each juror was individually asked whether there was anything about the nature of the charges which might prevent him or her from being fair and impartial to both sides. The record indicates that upon individual questioning, one potential juror indicated that he might have a problem. Upon further questioning, it was determined that the person in question could be fair and impartial under the circumstances presented by the case.
 
 
 6
 The district court has considerable discretion in determining the appropriate scope and method of jury voir dire. United States v. Toomey, 764 F.2d 678, 682 (9th Cir.1985). Abuse of that discretion occurs if the questioning is not reasonably sufficient to test the jury for bias or partiality. United States v. Jones, 722 F.2d 528, 529 (9th Cir.1983).
 
 
 7
 Blevins argues that one juror responded that he had experienced some repercussion in his life as a result of either drug use or drug-related crimes and that this is evidence that the jury voir dire was inadequate. Blevins' argument is incorrect. The lack of negative responses on the part of prospective jurors regarding their ability to be fair and impartial, given the nature of the case, does not suggest that the jurors were being less than candid. To the contrary, when asked if anyone on the panel or a family member had been a victim of a crime, numerous jurors candidly responded. While it is true that Blevins' questions might have been asked, nothing in the record indicates that the prospective jurors were anything but candid in their responses to the inquiries presented by the district court. To the contrary, the record reflects that the court's general probing elicited responses in areas where jurors had concerns about their inability to be fair and impartial. The result that fewer jurors had concerns regarding their ability to be fair and impartial in a drug related offense than they did in other areas does not support the argument that the voir dire was inadequate. The trial court's questioning was reasonably sufficient to test the jury for bias or partiality.
 
 III
 
 8
 Blevins submits that when formal notice of a defense has been given and the defendant then both presents evidence of the defense and argues the defense to the jury, the trial court's failure to so instruct the jury on that defense should be reversible error. Because the jury was not given a defense of exercise of public authority instruction in this case, Blevins maintains that the jury was compelled to find him guilty as charged, and thus he was denied a fair trial.
 
 
 9
 The government maintains that because Blevins' trial counsel failed to suggest an instruction regarding a defense theory of the case, and failed to object to any of the proposed instructions, there was no plain error in failing, sua sponte, to add an instruction on the defendant's theory of the case to the proposed instructions.
 
 
 10
 This case is unlike United States v. Escobar de Bright, 742 F.2d 1196, 1201 (9th Cir.1984), where failure to give defendant's proposed instruction on his theory of defense was held to be reversible error. Blevins did not suggest an instruction on his public authority defense, nor did he object to the instructions proposed by the court; therefore, we review the district court's failure to instruct for plain error. United States v. Anguiano, 873 F.2d 1314, 1319 (9th Cir.1989). Plain error is found only in exceptional circumstances when the error is highly prejudicial, affects substantial rights, and it is highly probable that it materially affected the verdict. United States v. Sanchez, 914 F.2d 1355, 1358 (9th Cir.1990).
 
 
 11
 Blevins was an informant for the Drug Enforcement Agency pursuant to a Cooperating Individual Agreement. He admitted that he could not engage in any criminal activity and that he had no authorization to sell drugs. Blevins testified at trial as to his belief that he felt he had to conduct the drug sale at issue or otherwise it would cast suspicion on him. Blevins had the opportunity to explain to the jury the basis for his action. Blevins argued at trial that he did not have the requisite intent in order to be found guilty of the charged offenses. He further testified that he was selling drugs only because of his fear of what would happen to him if he refused. The instructions allowed the jury the opportunity to find that Blevins did not have the requisite intent in order to be found guilty. The jury, having heard testimony from Blevins and other witnesses, decided these issues against him, and determined that Blevins was guilty as to both counts. The lack of jury instruction as to Blevins' theory of defense could not be considered highly prejudicial, or affect his substantial rights, or result in a high probability that it materially affected the verdict.
 
 
 12
 In addition, given the facts of this case, we see almost no chance that the jury would have found that Blevins acted within his bounds of public authority. Thus, it is possible that counsel's decision not to ask for a public authority instruction was strategic. Moreover, far from what Blevins argues here, he might have been prejudiced if the court had given a sua sponte instruction on public authority.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable James A. von der Heydt, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3