24 F.3d 252
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth Eugene WHITE, Defendant-Appellant.
 No. 93-10095.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 9, 1994.
Decided April 29, 1994.
 
 1
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM*
 
 
 3
 Kenneth Eugene White was convicted of possession with intent to distribute more than 50 grams of a substance containing cocaine base in violation of 21 U.S.C. Sec. 841(a)(1). His sentence was based on a finding that he possessed 139.69 grams of a substance containing cocaine base. White argues that insufficient evidence supported a finding that he possessed that quantity of cocaine base. He also argues that the district court erred in admitting testimony regarding a statement White allegedly made, restricting voir dire, admitting into evidence documents alleged to be pay/owe sheets, and considering at sentencing White's juvenile convictions. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 4
 * and
 
 
 5
 White argues that the government failed at his trial to introduce sufficient evidence that the substance found in his possession was cocaine base as opposed to cocaine. He also argues the evidence was insufficient to establish he possessed more than 50 grams of cocaine base.
 
 
 6
 We review "the sufficiency of the evidence in the light most favorable to the Government to determine if 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " United States v. Mason, 902 F.2d 1434, 1441 (9th Cir.1990) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)). We review de novo the interpretation of "cocaine base" in 21 U.S.C. Sec. 841(b). United States v. Shaw, 936 F.2d 412, 414 (9th Cir.1991).
 
 
 7
 White's argument fails. As required by Shaw, the government presented evidence that the substance found in White's apartment had the characteristics of cocaine base: it was "rocklike" and parcelled out into individual "hits" which could be smoked. Shaw, 936 F.2d at 416. The government also presented an expert's testimony that the substance contained cocaine base. Viewing the evidence in the light most favorable to the government, a rational trier of fact could have concluded that White possessed a substance containing cocaine base.
 
 
 8
 White's argument that insufficient evidence supported a finding that he possessed over 50 grams of cocaine base also is without merit. The statute under which White was convicted, 21 U.S.C. Sec. 841(b), prohibits possession of 50 grams or more of a substance that contains cocaine base. The government presented sufficient evidence that the more than 50 grams of rocklike substance seized from his apartment contained cocaine base. It was not required to prove that the substance was purely cocaine base.
 
 
 9
 To the extent White argues that the government failed to prove at trial the total quantity of cocaine base he possessed for purposes of sentencing, his argument lacks merit. Quantity is not determined at the trial stage; it is relevant only to punishment and is determined by the district court at sentencing. United States v. Sotelo-Rivera, 931 F.2d 1317, 1319 (9th Cir.1991), cert. denied, 112 S.Ct. 1186 (1992).
 
 B
 
 10
 White argues that the government failed to demonstrate for sentencing that he possessed more than 50 grams of cocaine base. He contends that although there is no dispute that the weight of the substance the government seized from his apartment totaled 136.69 grams, the government must prove at sentencing that 50 grams of the total weight contained cocaine base.
 
 
 11
 We review the district court's findings of fact underlying a sentence for clear error, United States v. Newman, 6 F.3d 623, 629 (9th Cir.1993), and its interpretation of a federal statute de novo. Shaw, 936 F.2d at 416.
 
 
 12
 White's arguments lack merit. "The plain language of the Guidelines clearly requires that 'if any mixture of a compound contains any detectable amount of a controlled substance, the entire amount of the mixture or compound shall be considered in measuring the quantity.' " United States v. Innie, 7 F.3d 840, 845 (9th Cir.1993) (quoting U.S.S.G. Sec. 2D1.1 n. * (1988)). The government's expert testified that she took samples from the substance and that those samples tested positive for cocaine base. The evidence also indicated that the substance was used to dilute the cocaine base, rather than simply to conceal it. See United States v. Chapman, 111 S.Ct. 1919, 1925 (1991); cf. United States v. Robins, 967 F.2d 1387, 1390 (9th Cir.1992).
 
 
 13
 The district court did not clearly err in concluding that the substance in White's apartment contained cocaine base and that the total quantity of the substance was 136.69 grams. It was proper to sentence White based on the total quantity of the seized substance.
 
 II
 
 14
 White contends that the district court erred in denying his motion to suppress a statement he allegedly made to a police officer during the search of his residence. White argues that the district court improperly determined that whether White made the statement was "a question for the trier of fact, the jury, to determine."
 
 
 15
 We review the district court's rulings regarding the admissibility of evidence for abuse of discretion. United States v. Lim, 984 F.2d 331, 335 (9th Cir.), cert. denied, 113 S.Ct. 2944 (1993). White's statement is admissible against him under Federal Rule of Evidence 801(d)(2)(A) as a statement made by a party opponent offered against him at trial. There was no need to make a preliminary finding regarding the circumstances of his statement for purposes of determining its admissibility under the rules of evidence. The district court properly concluded that the jury is responsible, as the ultimate fact finder, to determine whether White actually made the statement.
 
 III
 
 16
 White contends that the district court improperly limited voir dire by failing to ask jurors some of his proposed questions regarding racial bias and by giving White's counsel limited time to ask his own questions of the jurors.
 
 
 17
 We review the district court's voir dire for an abuse of discretion. United States v. Powell, 932 F.2d 1337, 1340 (9th Cir.), cert. denied, 112 S.Ct. 256 (1991). "It is wholly within the judge's discretion to reject supplemental questions proposed by counsel if the voir dire is otherwise reasonably sufficient to test the jury for bias or partiality." Id.
 
 
 18
 We have recognized a need for specific voir dire questioning when a case carries racial overtones. United States v. Jones, 722 F.2d 528, 529 (9th Cir.1983) (citing Aldridge v. United States, 283 U.S. 308, 311-15 (1931)). Other than the fact that White is a member of a minority group, his trial did not have "racial overtones." See Rosales-Lopez v. United States, 451 U.S. 182, 192 (1980). Moreover, although the district judge did not question jurors regarding racial bias, White's counsel was given sufficient time to question the jurors himself regarding any potential racial bias. No additional questioning was required because White failed to meet his burden to demonstrate a reasonable possibility of prejudice. Jones, 722 F.2d at 530. The district court did not abuse its discretion in voir dire.
 
 IV
 
 19
 White argues that the district court erred in admitting evidence of pay/owe sheets found in his apartment. He argues that the documents were admitted for the truth of the matter asserted, and did not fit within any hearsay exception. In his view, this violated the Confrontation Clause of the Sixth Amendment. He also argues that the documents were not properly authenticated.
 
 
 20
 We review for an abuse of discretion the district court's decision to admit evidence over hearsay and authenticity objections. United States v. Yin, 935 F.2d 990, 994-96 (9th Cir.1991). We review de novo alleged violations of the Confrontation Clause. United States v. Enriquez-Estrada, 999 F.2d 1355, 1359 (9th Cir.1993).
 
 
 21
 White's contentions are without merit. The government offered the pay/owe sheets and other documents for the proper purpose of proving the "character and use" of White's apartment and his knowledge of the narcotics found there. See United States v. Jaramillo-Suarez, 950 F.2d 1378, 1383 (9th Cir.1991). The district court properly instructed the jury that the documents were not to be considered for the truth of their contents. See id. at 1383-84. In addition, the documents seized from White's apartment were circumstantially authenticated. They were found among narcotics, they made references to prices of drugs, nicknames, and White's beeper number, and they corroborated the testimony of government agents regarding White's alleged drug trafficking. See United States v. Huguez-Ibarra, 954 F.2d 546, 552 (9th Cir.1992). The district court did not abuse its discretion in admitting the drug-related documents into evidence.
 
 V
 
 22
 White contends that the district court erroneously considered his juvenile adjudications at sentencing. He further contends that these convictions were constitutionally infirm because there is no indication he was advised of his right to appeal.
 
 
 23
 We review de novo the district court's interpretation and application of the Sentencing Guidelines. United States v. Fagan, 996 F.2d 1009, 1017 (9th Cir.1993). The district court did not err in considering White's juvenile convictions at sentencing. The Sentencing Guidelines require the district court to consider juvenile offenses in calculating the defendant's criminal history. U.S.S.G. Sec. 4A1.2(d).
 
 
 24
 The Constitution requires that a defendant be permitted to attack the validity of a prior conviction that is being used against him at sentencing. United States v. Vea-Gonzales, 999 F.2d 1326, 1333 (9th Cir.1993). The ultimate burden of proof in demonstrating the constitutional infirmity of a prior conviction lies with the defendant. United States v. Newman, 912 F.2d 1119, 1121 (9th Cir.1990). White failed to introduce any evidence to establish the constitutional infirmity of his juvenile convictions. He did not call for an evidentiary hearing or present state court records to support his contentions. See Newman, 912 F.2d at 1122. We affirm White's sentence.
 
 VI
 
 25
 Each of White's arguments is without merit. His conviction and sentence are therefore AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3