107 F.3d 17
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Reginald PRICE, Plaintiff-Appellant,
v.
PIMENTEL, Officer, Defendant-Appellee.
 No. 96-15824.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 5, 1997.*
Decided Feb. 07, 1997.
 
 Before: CANBY, HAWKINS, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Reginald Price, a California state inmate, appeals pro se a judgment entered on a jury verdict in favor of Henry Pimentel, a correctional officer at the Solano County Jail, in his 42 U.S.C. § 1983 action alleging that Pimentel used excessive force against him. We have jurisdiction under 28 U.S.C. § 1291, and affirm.
 
 A. Voir Dire
 
 3
 Price contends that the district court abused its discretion during voir dire by failing to ask prospective jurors a proposed voir dire question regarding whether they would accord greater or lesser weight to the testimony of a correctional officer merely because of his or her position. However, when the district court declined to ask the desired question, Price failed to object. Accordingly, we decline to review this issue. See United States v. Blosvern, 514 F.2d 387, 389 (9th Cir.1975) ("If there are particular questions that counsel deems essential, and such that refusal to put them may be reversible error, counsel must tell the court so, and state his reasons, before the examination of the jurors is completed.").
 
 B. Sufficiency of the Evidence
 
 4
 Price argues that the jury verdict is not supported by the evidence. This argument lacks merit. Where, as here, a party has not moved for a directed verdict at the close of all the evidence, our inquiry is limited to "whether there is an absolute absence of evidence to support the jury's verdict." Smith v. Sumner, 994 F.2d 1401, 1407 (9th Cir.1993). A review of the record reveals evidence to support the jury's verdict. The central issue in the case was whether Pimentel pushed Price down a flight of stairs. Each of the five correctional officers who were present during the alleged incident testified that Price was not pushed down the stairs. While Price argues that these witnesses were not credible, it is the exclusive province of the jury to determine the credibility of witnesses. See Del Monte Dunes at Monterey, Ltd. v. City of Monterey, 95 F.3d 1422, 1435 (9th Cir.1996).
 
 C. Pretrial Disclosure
 
 5
 Price asserts that the district court erred in denying his motion for a new trial on the ground that the defendant violated Fed.R.Civ.P. 26(a)(3) by failing to disclose his intention to present a portion of Price's jail medical records at trial. We disagree. When the defendant attempted to introduce a portion of Price's jail medical records, Price objected on the ground that this information had not been disclosed prior to trial pursuant to Fed.R.Civ.P. 26(a)(3), and the district court sustained Price's objection. The records were not admitted into evidence. See Fed.R.Civ.P. 37(c)(1) ("A party that without substantial justification fails to disclose information required by Rule 26(a) ... shall not ... be permitted to use as evidence at a trial ... any ... information not so disclosed.").
 
 D. Appointment of Counsel
 
 6
 Price finally argues that the district court erred in denying his 28 U.S.C. § 1915(d) motion for appointment of counsel. Because this case presents no exceptional circumstances, we conclude the district court did not abuse its discretion in denying Price's motion for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3