139 F.3d 907
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vicente PEREZ, Petitioner-Appellant,
v.
K.W. PRUNTY, Warden; Attorney General of the State of
California, Respondents-Appellees.
 No. 97-55247.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1998.**
Decided Feb. 13, 1998.
 
 Appeal from the United States District Court for the Central District of California, No. CV-94-05904-KMW; Kim McLane Wardlaw, District Judge, Presiding.
 Before: WALLACE, TROTT, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Vicente Perez appeals the district court's denial of his petition for writ of habeas corpus under 28 U.S.C. § 2254.[1] We affirm.
 
 
 3
 Perez claims that the state trial court violated his Sixth Amendment right to an impartial jury by restricting the scope of voir dire. See Morgan v. Illinois, 504 U.S. 719, 729-30 (1992). On habeas review, a federal court is limited to determining whether the trial court's failure to ask certain questions rendered the trial "fundamentally unfair." Mu'Min v. Virginia, 500 U.S. 415, 425-26 (1991).[2] Only two specific inquiries of voir dire are constitutionally compelled: inquiries into a juror's racial prejudice against a defendant charged with a violent crime against a person of a different racial group, id. at 424; and, in a capital case, inquiries into a juror's views on capital punishment, Morgan, 504 U.S. at 730. The trial court retains great latitude in deciding questions to be asked on voir dire. Mu'Min, 500 U.S. at 424.
 
 
 4
 The state trial court was well within its discretion to bar Perez's attorney from asking a prospective juror if his judgment would be affected by evidence that one of the victims was seriously and permanently injured. The trial court determined that the question was a misstatement of state law in that it implied that such evidence was irrelevant to the great bodily injury allegation and the issue of Perez's intent to kill. This ruling did not render Perez's trial fundamentally unfair.
 
 
 5
 Perez makes two due process claims regarding the admission of his statement that he was "the shooter" for his gang. First, he argues that the prosecutor failed to comply with discovery requirements regarding adequate notice of the existence of the statement. The State raises Teague v. Lane, 489 U.S. 288 (1989), as a defense to his claim. Therefore we address retroactivity as a threshold matter before reaching the merits. Lambrix v. Singletary, 117 S.Ct. 1517, 1523 (1997); Caspari v. Bohlen, 510 U.S. 383, 389 (1994). Teague, however, does not bar the presentation of this claim. Perez's conviction became final in 1989, after LaMere v. Risley, 827 F.2d 622 (9th Cir.1987), was decided. Therefore, resolution of Perez's claim does not depend on a "new rule," but the application of an established one to his set of facts.
 
 
 6
 "In determining whether disclosure was timely enough to satisfy due process, we consider the prosecution's reasons for late disclosure, and whether the defendant had an opportunity to make use of the disclosed material." LaMere, 827 F.2d at 625 (citations omitted). We accord a presumption of correctness to the state court finding that the late disclosure was inadvertent. 28 U.S.C. § 2254(d). Moreover, the prosecutor disclosed the statement as soon as he learned that it would be relevant to the case. See Thomas v. Goldsmith, 979 F.2d 746, 748 (9th Cir.1992); LaMere, 827 F.2d at 625. Perez had ample opportunity to mitigate any prejudice he suffered as a result of the late disclosure: his attorney cross-examined the detective at an evidentiary hearing, had three days to prepare for the detective's testimony at trial, cross-examined the detective at trial, and presented Perez's testimony that he had not met the detective and had not made the statement.[3]
 
 
 7
 Second, Perez claims that the trial court violated his due process rights by allowing the prosecution to re-open its case-in-chief to admit the statement without good cause. See California v. Robinson, 179 Cal.App.2d 624, 630, 4 Cal.Rptr. 50 (1960). Perez's "good cause" requirement is based on state law and thus is not cognizable in a federal habeas petition. See Estelle v. McGuire, 502 U.S. 62, 67 (1991); Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990). Due process is violated only if a state evidentiary ruling was so prejudicial that it rendered the trial arbitrary and fundmentally unfair. Jammal v. Van de Kamp, 926 F.2d 918, 919 (9th Cir.1991). Generally, a trial court has broad discretion to determine the order of proof in a trial. See United States v. Goode, 814 F.2d 1353, 1355 (9th Cir.1987) (federal trials); California v. Gates, 43 Cal.3d 1168, 1184, 240 Cal.Rptr. 666 (1987) (state trials). The trial court's decision to allow the prosecution to reopen its case-in-chief to introduce the statement did not render the trial fundamentally unfair.
 
 
 8
 AFFIRMED.
 
 
 
 **
 The panel finds this case appropriate for submission without argument pursuant to Fed. R.App. P. 34(a) and Ninth Circuit Rule 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Antiterrorism and Effective Death Penalty Act of 1996 does not apply to this habeas petition because it was filed before the Act became law. See Lindh v. Murphy, 117 S.Ct. 2059, 2063 (1997)
 
 
 [2]
 The rule we announced in United States v. Jones, 722 F.2d 528, 529 (9th Cir.1983) (per curiam), regarding specific voir dire questioning, does not apply to this habeas petition. Jones involved a direct appeal from a federal conviction and did not announce a constitutionally-compelled rule. "We enjoy more latitude in setting standards for voir dire in federal courts under our supervisory power than we have in interpreting the provisions of the Fourteenth Amendment with respect to voir dire in state courts." Mu'Min, 500 U.S. at 424; see Reiger v. Christensen, 789 F.2d 1425, 1434 (9th Cir.1986) (circuit rule requiring careful, individual examination of prospective jurors exposed to pretrial publicity was based on supervisory power, not constitutional principle)
 
 
 [3]
 Interestingly, Perez complains not of inadequate opportunity to meet the evidence but of prejudice resulting from a reevaluation of his trial strategy. He cites no authority for the proposition that a state criminal defendant has a due process right in a trial strategy. In any event, Perez had not publicly committed to testifying at his trial when he learned of the statement. Had he decided against testifying in his own defense, we are confident the trial court would have properly instructed the jury to draw no inference of guilt from his silence. See CALJIC Nos. 2.60, 2.61