UNITED STATES of America,
Plaintiff–Appellee,

v.

Dawkins QUERTA, a.k.a. Dawkins JC Querta; Dawkins Comanche Querta; Dawkins Jenning; Dawkins Jennings Querta; Dawkins Jenning Querta, Defendant–Appellant.

No. 00–10191.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 12, 2001.*

Decided Jan. 30, 2001.

Before SNEED, GRABER, and PAEZ, Circuit Judges.

MEMORANDUM**

Defendant Dawkins Querta appeals his conviction, after a jury trial, of assault with a deadly weapon with intent to do bodily harm, in violation of 18 U.S.C. §§ 1153 and 113(a)(3), and assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 1153 and 113(a)(6). Defendant challenges the district court's conduct of voir dire, which we review for abuse of discretion. *United States v. Padilla Mendoza*, 157 F.3d 730, 733 (9th Cir.1998). Specifically, Defendant argues that the court should have submitted to the jury panel his proposed questionnaire and that the court should have asked the jurors about the appropriateness of using a deadly weapon in self-defense.

Although the court declined to use the proposed questionnaire, the court did agree to ask appropriate questions contained in it. The court then conducted voir

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

dire. After that the court asked counsel whether any questions that should be asked had been overlooked. Defense counsel requested inquiries in four more areas. The court agreed to ask all but the last of those questions, the one that concerned the use of weapons in self-defense. As to that question the court said that it was "too complicated under the facts and the law."

■ The voir dire that the court conducted was "reasonably sufficient to test the jury for bias or partiality." *Paine v. City of Lompoc*, 160 F.3d 562, 564–65 (9th Cir.1998) (citation and internal quotation marks omitted). So long as the court's voir dire is adequate, rejection of a defendant's specific proposed questions is not error. *United States v. Giese*, 597 F.2d 1170, 1182–83 (9th Cir.1979).

■ The defense of self-defense is not in one of the categories as to which the possibility of jurors' prejudice is so high that specific questioning is required. *See United States v. Jones*, 722 F.2d 528, 529–30 (9th Cir.1983) (listing categories and holding that the defense of coercion, like self-defense, does not fall within them). Defendant's theory of potential prejudice is speculative. Accordingly, we find no abuse of discretion.

AFFIRMED.