MEMORANDUM *
Reginald Burns appeals his conviction for unlawful possession of a firearm, in violation of 18 U.S.C. § 922(g), after trial by jury. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
Burns, who is African-American, contends that the district court abused its discretion by refusing to ask questions about prospective jurors’ racial bias during voir dire. District judges have been accorded wide discretion in conducting voir dire. Rosales-Lopez v. United States, 451 U.S. 182, 189, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981) (plurality opinion). The Supreme Court has established under its supervisory power over the federal courts, however, that when the external circumstances of a case create a reasonable possibility that racial or ethnic prejudice might affect the jury, voir dire questioning regarding racial or ethnic prejudice is required.[1] Id. at 192,101 S.Ct. 1629.
Burns argues that the district court was required under Rosales-Lopez to ask questions regarding racial prejudice during voir dire because Burns is an African-American in Portland, Oregon, a predominately white city. We disagree. Burns presents no specific evidence of racial bias in Portland, and he failed even to raise the argument based on the racial makeup of the city in the district court.
Unsupported conjecture and assertions about the racial climate of the community that are not raised in the district court are insufficient to require overturning a defendant’s conviction under Rosales-Lopez. In United States v. Sarkisian, 197 F.3d 966 (9th Cir.1999), for example, the defendants argued that the district court had erred by failing to ask jurors if they had any biases against Armenians and Russians because of concerns that prospective jurors may perceive a connection to “gypsies.” Id. at 979 & n. 2. We rejected that argument because it was based purely on conjecture and thus was not sufficient to demonstrate *267 that such questioning was required under Rosales-Lopez.[2] Id.
Although it might have been preferable for the district court to ask prospective jurors questions on racial bias upon Burns’ request, see Rosales-Lopez, 451 U.S. at 191,101 S.Ct. 1629, the court did not abuse its discretion by declining to do so. To require specific questioning based on such generalized concerns would come close to creating a per se rule that such questioning is required whenever requested by a minority defendant in a predominantly white city. The Court in Rosales-Lopez rejected per se rules and required a case-by-case analysis of the circumstances to determine whether questions about racial prejudice were warranted. See id. at 191-92, 101 S.Ct. 1629. The district court’s general questioning during voir dire about prospective jurors’ ability to be impartial was sufficient, and the district court did not abuse its discretion by refusing to ask any questions related to racial prejudice.
Burns’s contention that the district court abused its discretion by refusing to ask prospective jurors questions about their bias against felons is also without merit. Specific questions to determine bias are generally not required without a further showing that there is a reasonable possibility that prospective jurors may harbor such a prejudice. See United States v. Jones, 722 F.2d 528, 530 (9th Cir.1983) (per curiam).[3] Burns’s unsupported conjecture that prospective jurors might have thought “once a criminal, always a criminal” was not enough to show that there was a reasonable possibility that prospective jurors harbored a prejudice against felons. Thus, the district court did not abuse its discretion in refusing to ask prospective jurors questions about bias against felons.
For the foregoing reasons, the judgment of the district court is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. There are circumstances in which voir dire questioning about possible racial or ethnic bias is constitutionally required. These circumstances are present in cases in which “racial issues [are] 'inextricably bound up with the conduct of the trial.' ” Rosales-Lopez, 451 U.S. at 189, 101 S.Ct. 1629 (quoting Ristaino v. Ross, 424 U.S. 589, 597, 96 S.Ct. 1017, 47 L.Ed.2d 258 (1976)). No such circumstances were present in this case and Burns mounts no constitutional attack. Instead, Burns argues that the district court abused its discretion by failing to ask voir dire questions about possible racial or ethnic bias because such questioning was required under the Court’s supervisory powers.

. Other circuits have similarly applied the Rosales-Lopez external-circumstances test. See, e.g. United States v. Groce, 682 F.2d 1359, 1362 n. 1, 1363 (11th Cir.1982) (rejecting the argument that increasing racial tension and race riots throughout the State of Florida created external circumstances that necessitated voir dire questioning on racial bias).

. There are three instances in which specific questioning is required upon the defendant's request. These instances are:
(1) When the case carries racial overtones;
(2) when the case involves other matters concerning which either the local community or population at large is commonly known to harbor strong feelings that may stop short of presumptive bias in law yet significantly skew deliberations in fact ...; or (3) when the case involves other forms of bias ... which have become evident through experience with juries....
Jones, 722 F.2d at 529-30 (internal citations and quotation marks omitted). Prejudice against felons has not been held to fall within any of these three instances.