**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 07-10106 |
| Plaintiff - Appellee, | D.C. No. CR-03-00550-EJG |
| v. | |
| WILL MOSS, Jr., | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Edward J. Garcia, District Judge, Presiding

Argued and Submitted May 11, 2010
San Francisco, California

Before: RYMER and McKEOWN, Circuit Judges, and FAWSETT, Senior District
Judge.[**]

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Patricia C. Fawsett, Senior United States District
Judge for the Middle District of Florida, sitting by designation.

Will Moss, Jr. appeals his conviction and sentence on numerous offenses arising out of his involvement in a prostitution ring with underage women. We affirm except for the conviction on counts 11 and 12, as to which we remand for vacatur of one or the other to avoid multiplicitious convictions.

I

"The trial court is given wide latitude to determine how best to conduct the voir dire." *United States v. Jones*, 722 F.2d 528, 529 (9th Cir. 1983) (citation omitted). The court was not obliged to allow attorney voir dire, and its own questions were sufficient to probe the venire for bias or prejudice. *See United States v. Sarkisian*, 197 F.3d 966, 979-80 (9th Cir. 1999) (approving a similar set of questions). Moss suggests that the judge's response to one prospective juror chilled others from being forthcoming on the issues of race and subject matter, but we disagree as the comment had to do with a different problem that did not implicate race or subject matter.

II

The evidence was sufficient to convict Moss of participating in a venture in violation of 18 U.S.C. § 1591(a)(2). Brooks, who joined Moss to make money for

something she wanted to do, helped recruit and manage prostitutes (including two underage women) and handled the enterprise's finances in Moss's absence. Nothing in the statute says that Brooks could not be a co-venturer although in other respects she was a victim herself. Given that she was associated in fact with Moss for financial benefit from commercial sex on an on-going basis, a rational juror could find beyond a reasonable doubt that Moss participated in a venture criminalized by § 1591(a)(2).

A rational juror could also find beyond a reasonable doubt that Moss possessed a firearm in furtherance of count 3, 6, or 7 as charged in count 8. There was evidence that he had a sawed off shotgun between July 13, 2005 and July 25, 2005, the relevant time period, on a recruiting and prostituting trip to Sacramento, Stockton, and Oakland with Brooks, V.V., and new recruits; and that he used the gun to scare and threaten his prostitutes, V.V. among them. Thus, count 3 suffices as a predicate for conviction on count 8. As count 8 charges in the disjunctive, we need not consider sufficiency of the evidence based on counts 6 or 7.

III

The government concedes that Moss's convictions on counts 11 and 12 are multiplicitous. Therefore, we remand to the district court with instructions to

3

vacate the conviction, sentence, and $100 mandatory special assessment on one of the two counts – leaving the conviction, sentence, and special assessment on the other count intact.

Moss argues that his convictions under 18 U.S.C. § 1591(a)(1) (counts 1 and 2) and under 18 U.S.C. § 1591(a)(2) (counts 3 and 4) are multiplicitous. However, for conviction on counts 1 and 2, the government had to prove that Moss personally harbored, recruited, or enticed his underage victims knowing they would engage in prostitution, whereas for conviction on counts 3 and 4, it had to prove that Moss benefitted financially from their prostitution. Thus, counts 1-2 and 3-4 charge separate conduct and, for this reason, multiplicity is not a concern. *United States v. Overton*, 573 F.3d 679, 695 (9th Cir. 2009) ("[W]here separate conduct supports each offense, the Fifth Amendment's Double Jeopardy Clause is not implicated.").

IV

Moss's argument that his Sixth Amendment rights were violated by the district court's reliance on uncharged conduct is foreclosed by *United States v. Treadwell*, 593 F.3d 990, 1016-18 (9th Cir. 2010).

Moss contends that application of the cross-reference to U.S.S.G. § 2A3.1 should have been based on clear and convincing evidence, as the government acknowledged in the district court. The district court explicitly found most of the core facts underlying the cross-reference by clear and convincing evidence; to the extent it did not so characterize all of the findings, the court's view of the strength of the evidence is clear from the sentencing proceeding as a whole. We see no prejudicial error.

Finally, Moss challenges his sentence as substantively unreasonable. He faults the court for basing its determination on unreliable or untrue facts, but trial testimony, credited by the jury, showed that, among other things, Moss beat all seven women frequently and gratuitously, beat Brooks into unconsciousness, and made sexual demands that were humiliating and constant. The district court arrived at a sentence that it believed appropriate after careful consideration of Moss's conduct and criminal history, the Guidelines, and 28 U.S.C. § 3553(a). We conclude that the sentence was reasonable.

AFFIRMED IN PART; REMANDED IN PART.