**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-30355 |
| Plaintiff - Appellee, | D.C. No. 4:10-cr-00038-SEH-1 |
| v. | |
| ELWYN HAS THE EAGLE, Sr., Elwyn Has The Eagle, Jack Has The Eagle, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted October 14, 2011
Portland, Oregon

Before: EBEL**, BERZON, and N.R. SMITH, Circuit Judges.

Defendant-Appellant Elwyn Has the Eagle, Sr. (Has the Eagle) was

convicted for urging Kari Lamere, a witness in his son's double murder trial, to

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable David M. Ebel, Senior Circuit Judge for the Tenth Circuit, sitting by designation.

give false testimony, in violation of 18 U.S.C. §§ 1503 and 1512(b)(1). The district court sentenced him to 108 months' imprisonment. He appeals, arguing that the district court abused its discretion during voir dire by refusing to ask, and prohibiting him from asking, prospective jurors about his son's double murder trial; that the district court erred in denying his Rule 29 motion for acquittal; and that his sentence is substantively unreasonable. We affirm.

1. We need not determine whether plain error or abuse of discretion review applies to the district court's decision not to conduct or allow specific voir dire regarding Has the Eagle, Jr.'s double murder trial, because the district court did not err under either standard . *United States v. Garcia-Rivera*, 353 F.3d 788, 792 (9th Cir. 2003); *see also United States v. Steele*, 298 F.3d 906, 910 (9th Cir. 2002).

Has the Eagle sought to ask whether prospective jurors had heard anything about his son's murder trial. On its face, this question did not raise any issues of bias or prejudice into which investigation was essential, nor did counsel explain to the district court any such issues underlying the question. *See United States v. Jones*, 722 F.2d 528, 529-30 (9th Cir. 1983) (per curiam) (citing *United States v. Robinson*, 475 F.2d 376, 380-81 (D.C. Cir. 1973)). Moreover, the record does not show that Has the Eagle sought to ask prospective jurors other questions directly probing potential prejudice. The record therefore does not show that the district

court erred.  *United States v. Haslam*, 431 F.2d 362, 364 (9th Cir. 1970); *see also United States v. Cutler*, 806 F.2d 933, 937 (9th Cir. 1986) (per curiam) (citing *United States v. Blosvern*, 514 F.2d 387, 389 (9th Cir. 1975)).

2.  Has the Eagle also challenges the sufficiency of the evidence supporting his convictions.  We review the district court's denial of Has the Eagle's Rule 29 motion *de novo*, even though Has the Eagle did not renew the motion at the close of evidence, because so little evidence was put on following the district court's denial of the motion that renewing it would have been an empty ritual.  *See United States v. Esquivel-Ortega*, 484 F.3d 1221, 1224-25 (9th Cir. 2007).

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to convict Has the Eagle for obstruction of justice.  *See United States v. Rocha*, 598 F.3d 1144, 1153 (9th Cir. 2010).  Lamere testified that, on October 24, 2009, Has the Eagle threatened to "take [her] out" if she would not testify falsely.  Has the Eagle impugns Lamere's credibility, but the jury was entitled to credit her testimony over conflicting evidence.  *See United States v. Johnson*, 229 F.3d 891, 894-95 (9th Cir. 2000).  Although the threats to which Lamere testified were not necessary to support Has the Eagle's conviction under § 1503, they were sufficient.  *See United States v. Ladum*, 141 F.3d 1328, 1337-38 (9th Cir. 1998).

There was also sufficient evidence to convict Has the Eagle for both counts of witness tampering. The October 19th and 20th recordings reveal that Has the Eagle repeatedly told Lamere to testify that Has the Eagle, Jr. heard voices and that the door to the murdered couple's home was open on the night of the murders, even after Lamere made it clear that she believed Has the Eagle was asking her to lie. Lamere also testified that Has the Eagle had previously instructed her to give false testimony in Has the Eagle, Jr.'s double murder trial. Given such evidence, a rational jury could conclude that Has the Eagle's recorded importunities violated 18 U.S.C. § 1512(b). *See United States v. Khatami*, 280 F.3d 907, 913-14 (9th Cir. 2002).

3. Finally, Has the Eagle challenges the reasonableness of his mid-Guidelines sentence. Although we do not apply a presumption of reasonableness for sentences within the suggested Guidelines range, "a correctly calculated Guidelines sentence will normally not be found unreasonable on appeal." *United States v. Carty*, 520 F.3d 984, 988 (9th Cir. 2008) (en banc). In light of all the relevant factors, Has the Eagle's sentence was not substantively unreasonable.

**AFFIRMED.**