**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50313 |
| Plaintiff-Appellee, | D.C. No. 2:16-cr-00401-ODW-1 |
| v. | |
| JULIO CESAR GOMEZ, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted April 16, 2021
Pasadena, California

Before: M. SMITH and IKUTA, Circuit Judges, and STEELE,** District Judge.

Julio Cesar Gomez appeals his convictions, and subsequent sentence, for

conspiracy with intent to distribute at least 50 grams of methamphetamine,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable John E. Steele, United States District Judge for the Middle District of Florida, sitting by designation.

distribution of methamphetamine, and being a felon in possession of a firearm. We have jurisdiction under 28 U.S.C. § 1291.[1]

The district court did not abuse its discretion in deciding not to ask the jury the specific voir dire questions proposed by Gomez regarding their pro-law-enforcement bias or gang bias, because those questions were adequately covered by the court's other voir dire questions and statements, *see United States v. Baldwin*, 607 F.2d 1295, 1298 (9th Cir. 1979), and Gomez's proposed questions were not "reasonably calculated to discover an actual and likely source of prejudice," *United States v. Jones*, 722 F.2d 528, 530 (9th Cir. 1983) (citation and internal quotation marks omitted). Moreover, "[i]f there are particular questions that counsel deems essential, and such that refusal to put them may be reversible error, counsel must tell the court so, and state his reasons, before the examination of the jurors is completed." *United States v. Blosvern*, 514 F.2d 387, 389 (9th Cir. 1975). Because Gomez failed to do so here, his objections to the court's failure to give his proposed instructions are forfeited. *Id.*

---

[1] This memorandum addresses Gomez's challenges to the district court's voir dire and failure to provide a *Sears* instruction. We address Gomez's remaining challenges in an opinion filed concurrently with this memorandum disposition. *See* ___ F.3d. ___ (9th Cir. 2021).

The district court did not plainly err in its management of voir dire. The district court has "ample discretion" in how it manages voir dire. *Rosales-Lopez v. United States*, 451 U.S. 182, 189 (1981). Given the total context of the voir dire proceeding, the district court's statements did not chill the jurors' responses to voir dire questions or affect Gomez's substantial rights. *See United States v. Davenport*, 519 F.3d 940, 943 (9th Cir. 2008). Further, the district court's comments, questions, and subsequent jury instructions adequately explained the presumption of innocence and the need to avoid bias.

Finally, the district court did not plainly err by declining to give a jury instruction that an individual must conspire with at least one co-conspirator who is not a government agent or informant before being convicted of conspiracy (referred to as a "*Sears* instruction," after *Sears v. United States*, 343 F.2d 139, 142 (5th Cir. 1965), which first established this rule). Given the evidence that Gomez conspired with Carmona and Gonzales, neither of whom was a government agent, it was not "clear and obvious," as required for plain error, *see United States v. Sanders*, 421 F.3d 1044, 1050 (9th Cir. 2005), that Gomez was entitled to a *Sears* instruction, *see United States v. Barragan*, 871 F.3d 689, 710 (9th Cir. 2017)

3

("If at least one co-conspirator is not a government agent, a conspiracy conviction is permitted.").[2]

**AFFIRMED.**

---

[2] The district court's instruction that "[l]aw enforcement officials may engage in stealth and deception such as the use of informants and undercover agents in order to investigate criminal activities," is a correct statement of law, and did not undermine the rule that a defendant must conspire with someone other than a government agent to be guilty of conspiracy. We therefore reject Gomez's argument to the contrary.