UNITED STATES of America,
Plaintiff-Appellee,

v.

Santos FLORES–ELIAS,
Defendant-Appellant.

No. 80–1778.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 13, 1981.

Decided July 17, 1981.

Arthur J. Hutton, Tucson, Ariz., for defendant-appellant.

John Hawkins, Asst. U. S. Atty., Tucson, Ariz., for plaintiff-appellee.

Before GOODWIN and BOOCHEVER, Circuit Judges, and PALMIERI,* Senior District Judge.

---

* The Honorable Edmund L. Palmieri, Senior United States District Judge for the Southern District of New York, sitting by designation.

BOOCHEVER, Circuit Judge:

Santos Flores-Elias was convicted of smuggling and conspiracy to smuggle illegal aliens from El Salvador into the United States. During the smuggling effort, thirteen of the Salvadorans died in the Arizona desert. The survivors and their guides were later apprehended by immigration authorities. This tragic incident received widespread media coverage. Flores-Elias brought a pretrial motion for change of venue, alleging prejudicial pretrial publicity, which was denied by the district court. The district court conducted voir dire of the potential jurors, and denied the defendant's challenges for cause to two of the jurors. Flores-Elias appeals his conviction, contending that the district court erred in denying his motion for a change of venue, rejecting his juror challenges, and conducting an inadequate voir dire. We affirm.

## I. CHANGE OF VENUE

The district court should grant a change of venue when there exists in the district "so great a prejudice against the defendant that he cannot obtain a fair and impartial trial . . . ." Fed.R.Crim.P. 21(a). A trial judge is granted broad discretion in ruling on a change of venue motion, and will only be reversed for an abuse of discretion. *United States v. Dreitzler*, 577 F.2d 539, 552 (9th Cir. 1978), *cert. denied*, 440 U.S. 921, 99 S.Ct. 1246, 59 L.Ed.2d 473 (1979).

The publicity in this case focused largely on the victims and their unfortunate plight, and to a lesser degree on the charges brought against Flores-Elias' co-defendants. In all of the articles filed by the appellant to demonstrate prejudice, there is only one passing reference to him by name. *See United States v. Robinson*, 546 F.2d 309, 311 (9th Cir. 1976), *cert. denied*, 430 U.S. 918, 97 S.Ct. 1333, 51 L.Ed.2d 596 (1977). Furthermore, the publicity was largely factual, not emotional or accusatory. *See Beck v. Washington*, 369 U.S. 541, 556, 82 S.Ct. 955,

963, 8 L.Ed.2d 98 (1962). Finally, Flores-Elias has been unable to demonstrate either inherent or actual prejudice from the publicity. A defendant is entitled to an impartial jury, not one ignorant of the facts. *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980). In this case, only two of the jurors actually impaneled had read or heard of the case, and neither had formed an opinion on the defendant's guilt. The district judge did not abuse his discretion in denying the change of venue motion.

## II. VOIR DIRE EXAMINATION

The district court conducted voir dire of the potential jurors, and apparently neither party submitted any additional questions, or objected to the scope of the court's questions. *See* Fed.R.Crim.P. 24(a).

Accordingly we shall review the conduct of the voir dire only to determine whether there was plain error. Fed.R. Crim.P. 52(b). A plain error is a highly prejudicial error affecting substantial rights. *United States v. Krasn*, 614 F.2d 1229, 1235 (9th Cir. 1980). This court will reverse a criminal conviction because of plain error when it is necessary to prevent a clear miscarriage of justice or to preserve the integrity and reputation of the judicial process. *Id.* at 1235–36; *United States v. Berry*, 627 F.2d 193, 199 (9th Cir. 1980); *United States v. Sims*, 617 F.2d 1371, 1377 (9th Cir. 1980). District judges are granted broad discretion in their conduct of voir dire; reversal requires a showing that "the procedures used or the questions propounded are so unreasonable as to constitute an abuse of discretion." *United States v. Rosales-Lopez*, 617 F.2d 1349, 1353 (9th Cir. 1980), *aff'd* —— U.S. ——, 101 S.Ct. 1629, 68 L.Ed.2d 22 (1981).

This court has condemned perfunctory voir dire, where the judge relies on a juror's own assessment of impartiality without something more. *Silverthorne v. United States*, 400 F.2d 627, 639 (9th Cir. 1968), *affirmed after retrial*, 430 F.2d 675 (9th Cir. 1970), *cert. denied*, 400 U.S. 1022, 91 S.Ct. 585, 27 L.Ed.2d 633 (1971). The questions asked during voir dire are within the judge's discretion, however, and the necessary scope varies with the extent of the pretrial publicity. *Id.* at 637–38; *United States v. Giese*, 597 F.2d 1170, 1181–84 (9th Cir.), *cert. denied*, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). In contrast to the extensive and accusatory publicity in *Silverthorne*, in the instant case the publicity did not focus on the defendant, the publicity was not accusatory, and a relatively small number of the venire had any knowledge of the case. The district judge's questioning was adequate to uncover any prejudice. Further questioning may have only fanned the embers of incipient prejudice by arousing curiosity. *Beck v. Washington*, 369 U.S. 541, 548, 82 S.Ct. 955, 959, 8 L.Ed.2d 98 (1962); *Giese*, 597 F.2d at 1182–83. Since we find no abuse of discretion the conduct of the voir dire did not constitute error and accordingly it cannot reach the level of plain error.

## III. JUROR CHALLENGES

Flores-Elias' final contention is that it was error for the district court to reject his challenges for cause to two jurors who had read or heard something about his case. The appellant fails to recognize, however, that he is "not entitled to a jury composed only of persons who had no prior knowledge of [his] case." *United States v. Ferreboeuf*, 632 F.2d 832, 835 (9th Cir. 1980). There is no contention that the two jurors in question were biased or had formed an opinion on Flores-Elias' guilt. Both admitted some exposure to the pretrial publicity, but they assured the court that they could render an impartial verdict based on the evidence produced at trial. The trial judge did not abuse his discretion in denying the challenges for cause. *United States v. Sutton*, 446 F.2d 916, 923 (9th Cir. 1971), *cert. denied*, 404 U.S. 1025, 92 S.Ct. 699, 30 L.Ed.2d 675 (1972).

The judgment of conviction is AFFIRMED.