Laura Graser, Portland, Or., for defendant-appellant.

Fred Weinhouse, Asst. U.S. Atty., Portland, Or., for plaintiff-appellee.

**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Brian Keith GEORGE, Defendant–
Appellant.**

No. 91–30372.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 17, 1992.

Decided Sept. 24, 1992.

Before: BEEZER, NOONAN, and TROTT, Circuit Judges.

NOONAN, Circuit Judge:

Brian Keith George was convicted of bank robbery in violation of 18 U.S.C. § 2113(a) and (d). He appeals, alleging error in two rulings of the trial court. We affirm.

FACTS

On the afternoon of September 2, 1990 two men wearing nylon stockings over their faces held up the Key Bank of Oregon in St. Paul, Oregon. One of the robbers was armed with a hand gun, the other with a knife. They forced teller Debra Schiel to take her keys and proceed to the vault area where they obtained over $50,-000. Schiel observed the robber with the gun, who was in charge, for a period of from three to five minutes and from a distance from approximately two to three feet. She could see facial features through the nylon stocking. She subsequently iden-

tified a photograph of George as the man with the gun. At the trial she testified: "I am certain that this is the individual."

Circumstantial evidence also pointed to George as follows: A citizen informed the FBI that he had seen one Tony Crawford near the bank the morning of the robbery; Crawford had previously burglarized the citizen's home. The FBI then learned that George had been in Crawford's company during the morning. The car Crawford was using had been stolen from a car lot in Portland two days before the robbery by an individual who had received permission to take it to his mechanic. The car salesman identified George as the person who had stolen the car.

The defendant's girlfriend testified that in September 1990 she and George were living together at her father's residence in Kelso, Washington. In late September he returned from a trip to Oregon and showed her $4,200 in 20 dollar bills which he said was money earned from installing door viewers at an apartment complex in Oregon. George later changed his story as to where the money came from and said that he had received it in drug dealing. Eight thousand dollars of the money taken from the bank was in 20 dollar bills.

## PROCEEDINGS

At the trial George moved ex parte for funds to hire Elizabeth Loftus, a professor at the University of Washington, who is a recognized expert on eyewitness identification. A supporting affidavit stated that counsel had contacted Professor Loftus and reviewed the facts and that she had "confirmed that the facts of the case present issues that are prominent in cases of misidentification." The district court denied the request.

George also sought to introduce evidence impeaching a government witness, Mark Lee. The information was in the files of the Oregon Department of Corrections and represented an internal investigation made by the department of allegations that Lee made regarding criminal misconduct by two corrections officers. The district court quashed the subpoena of this material, but stated that it would permit a stipulation that Lee had made charges against two corrections officers which were not substantiated and that Lee had failed a lie detector test in connection with the charges.

George was convicted. He appeals, contending the district court erred in denying him funds to hire Loftus and in excluding the evidence as to Lee.

## ANALYSIS

■ George argues vigorously that study of eyewitness identification has substantially advanced since the time when this court took its position on the use of psychological experts to testify on the general unreliability of eyewitness identification. However, we reviewed the question as recently as 1987 and held that the district court had "wide discretion" in deciding whether to admit an expert on the subject. *United States v. Christophe*, 833 F.2d 1296, 1299 (9th Cir.1987). It was the defendant's burden to show "by clear and convincing evidence, the 'prejudice ... caused by the court's failure to appoint an expert.'" *Id.* (quoting *United States v. Sims*, 617 F.2d 1371, 1375 (9th Cir.1980)). George has not presented such evidence. Undoubtedly, there has been increased hospitality to the testimony of experts on eyewitness identification. *See United States v. Blade*, 811 F.2d 461, 465 (8th Cir.1987), *cert. denied*, 484 U.S. 839, 108 S.Ct. 124, 98 L.Ed.2d 82 (1987). But each court has "invariably held that the district court has broad discretion" in admitting such testimony. *Id.* at 465.

■ As to Lee, he was impeached in a variety of ways. The evidence was cumulative. The district court properly concluded, "there is adequate evidence in this case from which either side can argue the truthfulness or untruthfulness of Mr. Lee." *See United States v. Lopez*, 885 F.2d 1428, 1438 (9th Cir.1989), *cert. denied*, 493 U.S. 1032, 110 S.Ct. 748, 107 L.Ed.2d 765 (1990).

AFFIRMED.