26 F.3d 133
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Moustapha L. ELJAMMAL, Defendant-Appellant.
 No. 93-10358.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 10, 1994.
Decided June 2, 1994.
 
 Before: HUG, FARRIS, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Moustapha Eljammal appeals his conviction for knowingly making false statements to a firearms dealer in the purchase of a firearm, in violation of 18 U.S.C. Sec. 924(a)(1)(A).
 
 
 3
 * Eljammal contends that the district court's voir dire of the jury insufficiently probed for anti-Arab prejudice. Because Eljammal did not object to the scope of the district court's voir dire, we review for plain error. United States v. Flores-Elias, 650 F.2d 1149, 1151 (9th Cir.), cert. denied, 454 U.S. 904 (1981).
 
 
 4
 There was no plain error. The court asked venirepersons if they would be inclined to consider Eljammal a terrorist because of his national origin and whether Eljammal's Lebanese last name would affect their judgment. These questions were reasonably related to possible prejudices arising from the World Trade Center bombing and were sufficient to test for bias. See, e.g., United States v. Payne, 944 F.2d 1458, 1474-75 (9th Cir.1991), cert. denied, 112 S.Ct. 1598 (1992). Although Eljammal asserts that the district court should have probed further to test for anti-Arab prejudice, it was not an abuse of discretion for the district court to view further questions as unnecessary or counter-productive. See United States v. Click, 807 F.2d 847, 850 (9th Cir.1987); Flores-Elias, 650 F.2d at 1151. Further, to the extent that Eljammal thought that additional questioning was appropriate, his attorney had the opportunity to ask questions and, in fact, did so. See United States v. Dischner, 974 F.2d 1502, 1522-23 (9th Cir.1992), cert. denied, 113 S.Ct. 1290 (1993); United States v. Anzalone, 886 F.2d 229, 234 (9th Cir.1989).
 
 II
 
 5
 Eljammal contends that his conviction under section 924(a)(1)(A) was improper because section 924(a)(1)(A) forbids only firearms dealers from making false statements. He claims that he was a purchaser of firearms, not a dealer.
 
 
 6
 Eljammal's interpretation of section 924(a)(1)(A) is incorrect. Section 924(a)(1)(A) prohibits purchasers, as well as dealers, from making false statements. See, e.g., United States v. Buck, 548 F.2d 871 (9th Cir.), cert. denied, 434 U.S. 890 (1977); United States v. Long, 524 F.2d 660 (9th Cir.1975).
 
 III
 
 7
 Eljammal contends that the district court did not define the term "firearm" in its jury instructions. Because Eljammal did not request such an instruction, we review for plain error. United States v. Garza-Juarez, 992 F.2d 896, 910 (9th Cir.), cert. denied, 114 S.Ct. 724 (1993).
 
 
 8
 "A jury charge that does not include definitions of words of general use does not constitute plain error." Id. The term "firearm" is a "common word which an average juror can understand and which the average juror could have applied to the facts of this case without difficulty." United States v. Chambers, 918 F.2d 1455, 1460 (9th Cir.1990) (failure to define "knowingly" not plain error); see also Garza-Juarez, 992 F.2d at 1460 (failure to define "possession" not plain error); United States v. Bafia, 949 F.2d 1465, 1476 (9th Cir.1990) (failure to define "in relation to" not error), cert. denied, 112 S.Ct. 1989 (1992). The district court's failure to define "firearm" thus was not plain error. Id.
 
 IV
 
 9
 Eljammal contends that section 924(a)(1)(A) is unconstitutionally vague. A statute is unconstitutionally vague if it fails to describe a crime sufficiently to allow an ordinary person to understand what conduct is prohibited. Panther v. Hames, 991 F.2d 576, 578 (9th Cir.1993). Because Eljammal's conduct does not implicate his First Amendment rights, we examine his vagueness challenge under the particular facts of this case. United States v. Tabacca, 924 F.2d 906, 912 (9th Cir.1991).
 
 
 10
 The language of section 924(a)(1)(A) plainly forbids the giving of false information in the purchase of a firearm. Further, each form that Eljammal signed notified him that the giving of false information in connection with the purchase of his firearms was a felony. Eljammal thus could have had no reasonable doubt that his giving of false information was illegal.
 
 V
 
 11
 Eljammal contends that his trial counsel's performance was so poor that he was deprived of effective assistance of counsel. Although ineffective assistance of counsel claims are generally not considered on direct appeal, Bonin v. Vasquez, 999 F.2d 425, 431 (9th Cir.1993) (per curiam), we may address such a claim without a prior evidentiary hearing if the record is sufficiently complete to allow us to decide the issue. United States v. Molina, 934 F.2d 1440, 1446 (9th Cir.1991). We are satisfied that the record is sufficient to render a decision, and we hold that the alleged errors of Eljammal's counsel resulted from deliberate, strategic choices or could not have affected the outcome of Eljammal's trial. Chambers, 918 F.2d at 1460, 1461. Eljammal thus was not deprived of effective assistance of counsel.
 
 
 12
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3