Carlos A. GURRY, Petitioner—
Appellant,

v.

E.K. McDANIEL, et al., Respondent—
Appellee.

No. 03–16861.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 14, 2005.

Decided Aug. 26, 2005.

Glynn Burroughs Cartledge, Esq., Reno, NV, for Petitioner—Appellant.

Robert E. Wieland, Esq., Richard A. Molezzo, Reno, NV, for Respondent—Appellee.

Before HAWKINS, McKEOWN, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Nevada state prisoner Carlos A. Gurry appeals the district court's denials of his petition for habeas corpus under 28 U.S.C. § 2254 and his motion for relief from judgment under Federal Rule of Civil Procedure 60(b). We affirm the denial of Gurry's habeas petition, vacate the denial of his Rule 60(b) motion, and deny the requested relief.

 Because the Nevada Supreme Court considered Gurry's evidentiary challenges under state law but did not reach their merits under federal law, we apply federal law de novo. *See Pirtle v. Morgan,* 313 F.3d 1160, 1167 (9th Cir.2002). We are not persuaded that the testimony of Gurry's expert on eyewitness identification, which would have supplemented defense counsel's cross-examinations and jurors' common experiences, was so "critical to the defense" that its exclusion rendered the trial fundamentally unfair. *Chia v. Cambra,* 360 F.3d 997, 1003 (9th Cir.2004). Although, as Gurry notes, there has been a trend in recent years toward admitting such testimony, most, if not all, of the courts following this trend have based their decisions on evidentiary, rather than constitutional, grounds. *See, e.g., United States v. Rincon,* 28 F.3d 921, 926 (9th Cir.1994). That the exclusion of similar expert testimony continues to be affirmed as consistent with the Federal Rules of Evidence and within the "broad discretion of the trial judge," *see, e.g., Jordan v. Ducharme,* 983 F.2d 933, 938–39 (9th Cir. 1993); *United States v. George,* 975 F.2d

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1431, 1432 (9th Cir.1992), confirms that the testimony of Gurry's expert was not constitutionally required.

■ Nor are we persuaded by the second of Gurry's evidentiary challenges. Although the trial court admitted evidence that Gurry had purchased one of the guns later recovered in Mexico (an error under the State's rules of evidence), the admission would violate due process "[o]nly if there [we]re *no* permissible inferences the jury m[ight] draw from the evidence." *Jammal v. Van de Kamp,* 926 F.2d 918, 920 (9th Cir.1991). But here the jury might have permissibly inferred that Gurry's having purchased a gun that was later recovered alongside the murder weapon cast doubt on his codefendant's statement that Gurry was not involved in the crimes.

■ We construe Gurry's several uncertified challenges as motions to expand the Certificate of Appealability ("COA") and deny the motions. First, as to the trial court's refusal to instruct the jury regarding the deadly weapon enhancement, our review is barred because Gurry cannot show "cause" for inviting the error or "demonstrate that failure to consider the federal claim will result in a fundamental miscarriage of justice." *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (internal quotation marks omitted). To the contrary, Gurry concedes that defense counsel rejected the trial court's proposed instruction as a "matter of strategy," and he submits no "reliable evidence [of actual innocence] not presented at trial," *Calderon v. Thompson,* 523 U.S. 538, 559, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998). Second, as to the trial court's first-degree murder instruction, Gurry cannot show that the alleged error was fundamentally unfair because the agent's detention of Gurry's codefendant surely constituted "legal custody," even if not an "arrest ... by a peace officer." Nev.Rev.Stat. § 200.030(1)(c). Third, as to the extensive pretrial publicity, we regard the submitted articles [1] as insufficient to create the type of "extreme situation" in which we may presume prejudice. *Harris,* 885 F.2d at 1361. We note that the content of the articles was primarily factual, that later articles prominently corrected the erroneous identification of Gurry as the shooter, that articles praising the deceased agent did not focus on or accuse Gurry, and that with the exception of articles reporting on witnesses' testimony, which jurors were instructed not to read, the submitted articles were published at least five months before the start of trial. *See id.* at 1362; *United States v. Flores–Elias,* 650 F.2d 1149, 1150–51 (9th Cir.1981). Fourth, as to Gurry's allegations of juror misconduct, the interview of Juror Ardys Pool, whose testimony the trial court considered and declined to credit, does not, in our view, constitute "clear and convincing evidence" sufficient to rebut the trial court's finding that the allegations were unfounded. 28 U.S.C. § 2254(e)(1).

■ Finally, we deny Gurry's request for relief from the district court's judgment, which he bases on the allegedly ineffective assistance provided by his previous habeas counsel.[2] As the Supreme

---

1. We grant Gurry's motion to reconsider our order striking the articles from the record and his request to take judicial notice of the articles under Federal Rule of Evidence 201. Regardless of what was presented to the district court, we "must independently examine the ... news reports about the case for volume, content, and timing to determine if they were prejudicial." *Harris v. Pulley,* 885 F.2d 1354, 1360 (9th Cir.1988).

2. We reject Gurry's contention that the district court's appointment of habeas counsel created a constitutional right to his effective

Court recently noted, "an attack based on ... habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably." *Gonzalez v. Crosby,* —— U.S. ——, 125 S.Ct. 2641, 2648 n. 5, 162 L.Ed.2d 480 (2005) (citation omitted). Consistent with the Supreme Court's observation, here Gurry seeks leave to argue the merits of constitutional claims inadequately presented in or omitted from his previous habeas petition. *See id.* at 2647. Accordingly, his request, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition." *Id.*

Because we did not authorize the district court to consider Gurry's successive habeas petition as was required under 28 U.S.C. § 2244(b)(3)(A), we vacate the district court's denial of the motion for lack of subject matter jurisdiction. *See Cooper v. Calderon,* 274 F.3d 1270, 1274–75 (9th Cir. 2001). We also decline to provide such authorization here because Gurry does not allege that the new claims rely on a "new rule of constitutional law" or rest on a newly discovered factual predicate. 28 U.S.C. § 2244(b)(2), (3)(C). He alleges instead that the claims rely on established constitutional rules and rest on factual predicates adequately related in his pro se pleadings.

For the above reasons, we affirm the district court's denial of Gurry's habeas petition and decline to expand the COA. We further vacate the district court's decision on the merits of Gurry's Rule 60(b) motion, construe the pleading as a request for authorization to file a successive habeas petition, and deny the request.

assistance. *Cf. Pennsylvania v. Finley,* 481 U.S. 551, 559, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987) ("At bottom, the decision below rests on a premise that we are unwilling to accept—that when a State chooses to offer help to those seeking relief from convictions, the Federal Constitution dictates the exact form such assistance must assume.").

**AFFIRMED IN PART; VACATED AND DENIED IN PART.**