NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 27 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30339 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00061-RAJ-1 |
| v. | |
| WINSTON BONTRAGER, | MEMORANDUM* |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-30340 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00061-RAJ-2 |
| v. | |
| PAULINE ANDERSON, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted July 9, 2015
Seattle, Washington

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: NGUYEN and FRIEDLAND, Circuit Judges and ZOUHARY,** District Judge.

Winston Bontrager and Pauline Anderson ("Defendants") appeal their convictions stemming from a tax-evasion scheme. We affirm.

We review Defendants' prosecutorial misconduct claims for plain error because no objection was made below. *See United States v. Tomsha-Miguel*, 766 F.3d 1041, 1047 (9th Cir. 2014). It is clear that some misconduct occurred. For example, it was improper for the prosecutor to refer to Bontrager's accountant, a prosecution witness, as "meticulous, careful and honest," when the accountant offered strong evidence against Bontrager. *See United States v. Necoechea*, 986 F.2d 1273, 1276 (9th Cir. 1993) ("Vouching consists of placing the prestige of the government behind a witness through personal assurances of the witness's veracity, or suggesting that information not presented to the jury supports the witness's testimony."); *United States v. Kerr*, 981 F.2d 1050, 1053 (9th Cir. 1992) (holding that it was impermissible vouching for prosecutor to say in closing argument that a prosecution witness "was candid. I think he was honest"). It also was improper for the prosecutor to offer his own account of when federal agents "spring into action" and "careful[ly] . . . [and] methodical[ly] . . . . go through

---

** The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

2

every piece of evidence" in preparing a case for trial, an account that had no basis in the evidence. *Cf. United States v. Alcantara-Castillo*, --- F.3d ---, 2015 WL 3619853, at *7 (9th Cir. June 11, 2015).

Furthermore, although Defendants' lavish spending was indisputably relevant to the tax charges, *see United States v. Johnson*, 319 U.S. 503, 517 (1943), the prosecution repeatedly crossed the line with comments such as those asserting that Defendants "lived a life that most of us can only dream of." Finally, it was improper when, notwithstanding a jury instruction to the contrary, both defense counsel and the prosecution discussed the testimony of Bontrager's ex-girlfriend in relation to Anderson's guilt or innocence.

We affirm, however, because Defendants have failed to establish that any of the alleged misconduct "affected the outcome of the district court proceedings." *United States v. Chi Mak*, 683 F.3d 1126, 1133 (9th Cir. 2012) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). This was not a close case. The evidence of guilt was overwhelming and Defendants have failed to show that the credibility of the vouched-for witnesses was meaningfully challenged. *See United States v. Weatherspoon*, 410 F.3d 1142, 1151 (9th Cir. 2005) ("When the case [against a defendant] is particularly strong, the likelihood that prosecutorial misconduct will affect the defendant's substantial rights is lessened because the jury's deliberations are less apt to be influenced."). Nonetheless, in light of the numerous, obvious

3

instances of improper argument by the prosecutor, particularly improper vouching, we are disturbed that the government refused to concede any error in its briefing or at oral argument, despite repeated invitations to do so by the panel. *See Berger v. United States*, 295 U.S. 78, 88 (1935) ("[W]hile [a prosecutor] may strike hard blows, he is not at liberty to strike foul ones.").

Anderson's challenge to the voir dire questions also does not warrant reversal. The prosecutor's questions did not bias the jury against Defendants and were not "so unreasonable [that allowing them] constitute[d] an abuse of discretion." *United States v. Anzalone*, 886 F.2d 229, 234 (9th Cir. 1989) (quoting *United States v. Flores-Elias*, 650 F.2d 1149, 1151 (9th Cir. 1981)).

The district court did not err when it admitted evidence of Bontrager's prior conviction pursuant to Federal Rule of Evidence 404(b). *See Huddleston v. United States*, 485 U.S. 681, 685-86 (1988); *United States v. Marashi*, 913 F.2d 724, 734-35 (9th Cir. 1990); Fed. R. Evid. 403. Contrary to Defendants' contention, the trial evidence regarding the prior conviction was consistent with the prosecution's pre-trial proffer.[1]

Finally, in light of the strength of the prosecution's case, reversal is also not warranted under the cumulative error doctrine. *See United States v. Fernandez*,

---

[1] Since this evidence was properly admitted pursuant to Rule 404(b), we express no view as to whether the district court correctly concluded that it was "inextricably intertwined" with the present offenses.

4

388 F.3d 1199, 1256-57 (9th Cir. 2004), *amended in non-relevant part*, 425 F.3d 1248 (9th Cir. 2005).

**AFFIRMED.**