18-152-cv
*Burdick v. Kurilovitch*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand nineteen.

PRESENT:  AMALYA L. KEARSE,
               BARRINGTON D. PARKER,
               RICHARD J. SULLIVAN,
                 *Circuit Judges.*

------------------------------------------------------------------------

STEVEN D. BURDICK,

          *Plaintiff-Appellant,*

       v.                                   No. 18-152-cv

NYS TROOPER ALEX KURILOVITCH,
NYS TROOPER MICHAEL SCHMIT,

          *Defendants-Appellees,*

NEW YORK STATE POLICE, EDWIN CROUCHE,
NYS TROOPER SERGEANT, OSWEGO COUNTY, NY,

*Defendants*.

------------------------------------------------------------------------

FOR APPELLANT:             Steven Burdick, *pro se*, Fulton, NY.

FOR APPELLEES :            Jonathan D. Hitsous, Esq., Assistant
                           Solicitor General, Albany, NY, Jeffrey W.
                           Lang, Deputy Solicitor General, *for* Barbra
                           D. Underwood, Attorney General.

Appeal from a judgment of the United States District Court for the Northern District of New York (Sannes, *J.*; Dancks, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Steven D. Burdick, proceeding *pro se*, appeals the district court's judgment in his 42 U.S.C. § 1983 action, following a jury verdict. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. Burdick sued New York State Police officers claiming, as relevant here, that (1) they used excessive force in arresting him, (2) one of the officers initiated a malicious prosecution against him for child endangerment, and

2

(3) the publicity surrounding the arrest and prosecution damaged his reputation and business. On appeal, Burdick challenges the evidentiary rulings of the district court, its management of jury selection, and its failure to appoint Burdick new counsel after he claimed that his trial counsel was conflicted; Burdick also argues that the court was biased against him.

A district court's evidentiary rulings are reviewed for abuse of discretion. *Kogut v. Cty. of Nassau*, 789 F.3d 36, 47 (2d Cir. 2015). The admission of evidence of criminal convictions is governed by Fed. R. Evid. 404, which provides that evidence of a crime is not admissible to prove character. *Huddleston v. United States*, 485 U.S. 681, 685 (1988); *accord United States v. Scott*, 677 F.3d 72, 79 (2d Cir. 2012). Burdick objects to the admission of his 2009 arrest and related convictions. However, the record is clear that the district court did not admit the evidence to establish character. Rather, the court permitted the introduction of the 2009 arrest and related criminal proceedings so that the jury could assess Burdick's theory of reputational harm.

To the extent he suggests that his arrests and convictions were more prejudicial than probative under Fed. R. Evid. 403, that claim also fails. We "afford great deference to the district court's balancing under Rule 403," and will

overrule the district court's decision only if it was "arbitrary and irrational." *United States v. Desposito*, 704 F.3d 221, 234 (2d Cir. 2013). Here, Burdick's prior arrest and the associated publicity were relevant to the question of reputational harm stemming from the second arrest. Indeed, Burdick admits the 2009 arrest and charges were highly relevant, arguing that the initial arrest was "the seed of doubt planted in the minds of [his] once loyal clientele," which made them more susceptible to believing the second set of charges against him. Since the officers were permitted to use the conviction only to challenge Burdick's assertion of reputational harm, the district court correctly determined that admission of the arrest and subsequent criminal proceedings was not substantially more prejudicial than probative under Fed. R. Evid. 403.

Burdick also claims the district court erred by striking exhibits which would have painted him in a favorable light. These exhibits included a compilation of newspaper articles and online comments Burdick filed *pro se*. The district court struck these exhibits because, as a represented party, Burdick was obliged to have his trial conducted through his attorney. Burdick nevertheless argues that the exhibits should have been admitted to show his "personal history" and "ma[k]e [him] look favorable to the court." Appellant's Brief at 5. However, the desire

4

to explain his personal history and build sympathy was not relevant to whether the officers used excessive force in arresting him, or whether the prosecution for child endangerment was malicious. *See* Fed. R. Evid. 401 (for a fact to be relevant it must be "of consequence in determining the action"). Thus, the district court did not err in striking the exhibits.

As to Burdick's argument that the voir dire process rendered his trial unfair, "[t]he content and quality of the voir dire are generally committed to the sound discretion of the court, and will not be disturbed absent an abuse of discretion." *Pitasi v. Stratton Corp.*, 968 F.2d 1558, 1563 (2d Cir. 1992). A district court abuses its discretion if it refuses to adequately probe the jury for bias or prejudice. *Id.* Here, counsel did not object to the district court's decision to limit voir dire to 15 to 20 minutes per side. Thus, this argument is unpreserved for appellate review. *Cf. McCrory v. Henderson*, 82 F.3d 1243, 1245 (2d Cir. 1996) (holding that failure to timely object to the opposing party's use of peremptory challenges waives the right to do so later). But even on the merits, this argument is unpersuasive. *See United States v. Maldonado-Rivera*, 922 F.2d 934, 971 (2d Cir. 1990) (concluding that 15 minutes of voir dire per side provided sufficient time to probe the jury for bias). Burdick also argues that the district court erred during voir dire by failing to more

5

thoroughly question jurors with law enforcement connections or who had heard of the case, citing to *United States v. Flores-Elias*, 650 F.2d 1149, 1151 (9th Cir. 1981) (concerning a district court's duties when a criminal defendant has been the subject of pervasive accusatory media coverage). But here, nothing indicated that the jurors had prejudged the case, and any jurors who had heard of Burdick's arrests, when questioned, could not recall the details of the media coverage. Therefore, even if this argument were preserved for appeal, Burdick has failed to show that the district court erred during jury selection.

Burdick next claims that the district court coerced him to retain conflicted counsel by telling him it would not appoint counsel or postpone the trial. But the district court did no such thing; it merely stated that it was disinclined to postpone a three-year-old case and recited the applicable law on appointment of counsel. Under that law, the appointment of counsel lies within the discretion of the district court, which may appoint counsel if it finds some likelihood of merit in the unrepresented party's claims. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61–62 (2d Cir. 1987)). When there are serious conflicts that may warrant disqualification, the district court must ensure that the litigant fully appreciates the situation. *Dunton v. Suffolk Cty.*, 729

F.2d 903, 908 (2d Cir. 1984) (concerning the simultaneous representation of a police officer and a county despite their divergent interests). Here, unlike in *Dunton*, the district court correctly determined that this case did not present a serious conflict. The court fully addressed Burdick's concerns by affording him the opportunity to proceed without his retained counsel, and Burdick did not avail himself of that opportunity and chose to proceed to trial with his original counsel. The district court did not err.

Finally, Burdick claims the district court was biased – and cites as proof the above rulings. But "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion," and do not do so here. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

We have considered Burdick's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7